### JOHN J. PACK and others *v.* THOMAS H. GAITHER.

A specific performance of a contract will not be decreed where it appears that such performance is obviously impossible.

CASE AGREED, tried before *Cloud, J.,* at Spring Term, 1875, Davie Superior Court.

The following are the facts agreed:

This is an action for the specific performance of a contract to convey real estate.

The following is the contract:

NORTH CAROLINA, } July 4th, 1863.
Davie County.

Know all men by these presents, that I, T. H. Gaither, am held and firmly bound by these presents, doth bind myself, executors or administrators in the sum of ten thousand dollars to John Pack and others.

The condition of the above obligation is such that, whereas the said T. H. Gaither hath this day bargained, sold and delivered all except what is in cultivation unto John J, Pack, B. N. Allen, Conrad Hendrix and Jacob Cormatzer, about ninety acres of land, more or less, it being a part of the Cabner tract, lying on Crouse's creek, and taking their note ninety days after date, payable to I. G. Lash for five thousand dollars with approved security, Now, whenever the said I. G. Lash will receive said note, then the said T. H. Gaither will make, or cause to be made, a good and lawful title for said land. Then the above obligation to be void and of no effect, otherwise to remain in full force and effect. Signed, sealed and delivered in the presence of

J. R. WILLIAMS.                     T. H. GAITHER.

At the time of the execution of the above contract, the defendant had no deed for the premises, but had purchased the same at a Clerk and Master's sale prior to the late war, and had given his note with surety for the purchase money.

The defendant and his surety having become insolvent, the sale was set aside and a new sale ordered, at which another party became the purchaser.

The plaintiff executed the note to I. G. Lash, which was accepted in lieu of the note of defendant, and that the note of defendant was surrendered to him.

Since the war, a judgment was taken on the note executed to Lash, which was compromised on the payment of four hundred and twenty-five dollars.

The defendant had received his certificate as a discharged bankrupt before the commencement of this action. The plaintiff made demand before suit.

If upon the foregoing facts the Court shall be of opinion with the plaintiffs, a judgment for specific performance is to be entered, otherwise judgment for the defendant.

His Honor being of opinion that the plaintiffs were not en-

titled to the relief demanded, gave judgment for the defendants. From this judgment the plaintiffs appealed.

*W. H. Bailey*, for the appellants.
*Craige & Craige*, contra.

SETTLE, J. A specific performance of the contract cannot be decreed in this case, because it is not practicable.

It is true, the plaintiffs have complied with their part of the contract, but the defendant never had, either at the time of executing the said contract or since, a deed for the land, the conveyance of which is now sought to be enforced. He had bid it off at a Clerk and Master's sale, prior to the rebellion, and had given his note, with security, for the purchase money, but the sale (the defendant and his surety having both become insolvent,) was set aside, and a second sale was ordered by the Court, when another party became the purchaser. The defendant is a discharged bankrupt, and was such at the commencement of this action.

How is it possible for him to comply with his contract? It is certain that he has not the land, and it is almost certain that he has not the means with which to purchase it.

The Court will not decree either a vain or an impossible act to be performed.

Adams, at page 81, says: "If the defendant cannot fulfill the contract which he has made, it may be ground for exempting the plaintiff from costs on the dismissal of his bill, but it cannot authorize the Court to decree an impossibility. Such, for example, is the case where the vendor of property has no estate, or only a limited estate therein; where he holds it as a trustee without authority to sell; or where, being the absolute owner at the time of his contract, he subsequently conveys to a stranger who is ignorant of the prior sale, and is therefore bound by no equity to give it effect.

"In this last case, the vendor's misconduct may be a ground

for charging him with costs, but a decree for performance of the contract is obviously impossible," &c.

If the defendant either had title to the land, or could procure it by any reasonable means, the plaintiffs would undoubtedly be entitled to have a specific performance of the contract; but to make such a decree in this case, would simply amount to the perpetual imprisonment of the defendant, without accomplishing the object sought to be obtained.

The judgment of the Superior Court is affirmed.

PER CURIAM.                    Judgment affirmed.