·[No. 8609. *En Banc.* May 3, 1910.]

## W. HAMMOND WRIGHT et al., Appellants, v. HENDRICK SUYDAM et al., Respondents.[1]

SPECIFIC PERFORMANCE—TITLE OF DEFENDANT—EVIDENCE—SUFFI-
CIENCY. Specific performance of a contract to convey a ten-acre
tract, sold to plaintiffs by the defendant, cannot be decreed where
defendant had no title thereto; holding simply an option on forty
acres of which the ten-acre tract was a part, which option was not
paid up; the price realized from the sale to the plaintiff being in-
sufficient to pay up defendant's option and obtain title to the land,
and defendant's vendor being unwilling to convey to defendant until
the whole forty acres was paid for.

SAME—ALTERNATIVE RELIEF—DAMAGES. Damages for breach of
contract to convey land cannot be awarded in an action brought for
specific performance, where, to the knowledge of the plaintiff, the
facts did not at any time warrant a decree for specific performance.

SPECIFIC PERFORMANCE—DISSMISSAL OF SUIT—FORM OF DECREE.
Upon denying specific performance of a contract to convey land be-

[1]Reported in 108 Pac. 610; 110 Pac. 8.

cause of want of title in the vendor, dismissal of the action should be without prejudice, especially where the vendor's title may be perfected or the vendee may be entitled to other relief under the contract.

Appeal from a judgment of the superior court for King county, Canfield, J., entered June 28, 1909, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action for specific performance. Affirmed.

*Wright & Kelleher* and *Wm. Hickman Moore*, for appellants.

*Roberts, Battle, Hulbert & Tennant* (*C. J. France,* of counsel), for respondents.

PARKER, J.—This is an action to enforce specific performance of a contract for the sale of land. A trial resulted in judgment denying the relief prayed for by plaintiffs, and they have appealed to this court. The facts are much involved, and some of them are seriously in dispute. However, we think certain of the facts shown by the record, beyond controversy, will enable us to determine the rights of the parties. These, so far as necessary for us to notice, are as follows:

On August 14, 1908, the respondent Hendrick Suydam executed and delivered to appellant W. Hammond Wright the following contract for the sale of ten acres of land in King county:

"100.00

"Received of W. Hammond Wright the sum of one hundred dollars as part payment upon purchase price of the following described real estate. [Here follows description.] The balance of the purchase price of the said premises is Seventy-nine hundred dollars to be paid in cash, upon delivery of deed.

"The undersigned owners of said premises agree within fifty days to deliver to the purchaser an abstract of title prepared and certified by a reputable and approved abstract company, showing title to said property in said owners in fee

simple free from all liens and encumbrances as herein stated, and good and marketable, and to convey such title to the purchaser, his heirs or assigns, by warranty deed prepared by the purchaser with full covenants satisfactory to the purchaser.

"If upon investigation title to said premises shall be found to be insufficient in any of the respects aforesaid, either in fact or as shown in the abstract, or shall be unsatisfactory to the attorney for the purchaser, the purchaser may at any time thereafter at his option elect to have the sums of money theretofore paid by him as part payment of the purchase price, immediately repaid to him, and in the event of such election the owners shall return such sums and all further obligation upon their part shall then cease: provided, however, that such election cannot be exercised until after thirty days after the objections to title are pointed out in writing to the owners, which length of time is allowed to them to remedy the same.

"If title to the said described premises shall not be subject to objection in any of the respects aforesaid, and shall be satisfactory to the attorney for the purchaser and the purchaser shall fail upon his part to perform any of the terms of this agreement; then the said. sum of money first above mentioned, shall be retained by the undersigned owners as liquidated damages, and they shall also be entitled to a return to them of the said abstract, and neither party shall be under any further liability.

"Deed is to be executed immediately upon examination of abstract, or within time allowed to owners to cure objections.

"Purchaser is to have twenty days after delivery of abstract within which to examine title.

"Time is of the essence of each of the provisions of this agreement.

"Dated at Seattle, Washington, this August 14, 1908.
                    "HENDRICK SUYDAM, Owner."

Since July 14, 1908, the respondent Stevenson Sanders Land Company has been the owner of a certain tract of land containing forty acres, ten acres of which tract is the same land mentioned in the contract above set forth. The only interest the respondent Suydam has ever had in this

ten acres was under an option he held to purchase the
whole forty acres, executed by the respondent land company
on July 14, 1908, and under a contract to purchase the same,
entered into by the land company with him on August 15,
1908. By the terms of this contract Suydam was to pay the
land company, as the purchase price for the entire forty
acres, the sum of $24,000; $6,000 of which he paid in cash,
and the balance to be paid $6,000 on or before July 1, 1909,
$4,000 on or before July 1, 1911; $4,000 on or before July
1,1912, and $4,000 on or before July 1, 1913. At the time of
rendering the final judgment in this case, no part of the
purchase price had been paid upon this contract, other than
the $6,000 paid at the time of its execution, so that $18,000
remained unpaid thereon. Suydam is not entitled to a con-
veyance under this contract until the payment of the whole
of the purchase price with 7 per cent interest per annum on
deferred payments. Time is made the essence of this contract,
and a failure to make payments as therein agreed would re-
sult in a forfeiture of all of Suydam's rights thereunder.

In their complaint the appellants refer to both the option
and contract under which Suydam acquired his right to
purchase the forty acres, referring to the record of the
option and contract in the auditor's office of King county
by volumes, pages, and dates, and allege that, "The de-
fendant Suydam has no right, title or interest, in said
property other than such as is derived through the said
written agreement." We mention this to show appellants'
knowledge, prior to their commencement of this action, of
the nature and extent of Suydam's interest in the land. The
appellants, knowing that Suydam did not own the land in fee
and that he for that reason could not convey good title,
have never offered unconditionally to pay him the balance of
the purchase price upon the contract for the ten acres and
signified their willingness to take from him a conveyance of
such title as he possessed. The nature and extent of their

offer is best shown by the allegation in their complaint as follows:

"The plaintiffs now are, and at all times herein mentioned have been ready, willing and anxious, provided good title is shown by proper abstract, to proceed with the purchase of said property under the terms of said option shown in the said Exhibit "A," and now are and at all times have been ready to pay in full the balance of the purchase price of the said property."

The Exhibit "A" mentioned, is the contract for the ten acres above set forth. The respondent land company by its answer admits the execution by it of the contract of August 15, 1908, by which it agreed to sell the forty acres to Suydam, and alleges affirmatively that Suydam has paid $6,000 on the purchase price and no more; and further alleges,

"That this defendant does not know and cannot pass upon with safety to itself the difference between the said plaintiffs and the said defendant Hendrick Suydam, but has been at all times ready and willing and is now ready and willing to convey the said lands and premises under the terms of said option to the person or persons entitled to such conveyance upon the performance of the terms and conditions of said option by said person or persons and hereby tenders performance of said option to such person or persons as the court may adjudge entitled to a conveyance herein."

The word "option" in this allegation clearly means the contract to sell Suydam the forty acres, of August 15, 1908. The land company prays that it be not subjected to costs and that its rights be fully protected. The affirmative matter in this answer is not replied to, so it stands as admitted.

Learned counsel for appellants, as we understand them, contend that, in view of the attitude of the respondent land company, and its willingness to convey to Suydam or whomsoever the court may determine is entitled to succeed to his interest, the appellants have the right to have such a decree entered in their favor as to cause the balance of the $7,900, due upon their contract with Suydam for the ten acres, to be

applied in payment of Suydam's obligation necessary to per-
fect his title to the ten acres, and that they then have con-
veyance of the ten acres, either from the land company
through Suydam or from the land company direct.  This
contention is based upon what we regard as an erroneous
assumption as to the nature and extent of the offer made by
the land company.  The land company does not offer to con-
vey the ten acres upon the payment to it of any certain sum
due from appellant to Suydam, but offers to convey under
the terms of its contract with Suydam.  This offer can mean
nothing less than an offer by the land company to convey
when it has been fully paid the balance of the purchase price
upon the whole forty acres.  If the contract between the land
company and Suydam was for the sale of the ten acres only,
which Suydam agreed to convey to appellants, and the bal-
ance due from appellants to Suydam was sufficient to pay the
balance due the land company from Suydam, and thus per-
fect Suydam's right to specific performance as against the
land company, then the specific performance which is here
prayed for might be possible in the manner sought to bring it
about.  The trouble with enforcing specific performance is
that the land company cannot be required to convey upon
any different terms than that expressed in its contract of
August 15, 1908, wherein it agrees to convey to Suydam the
forty acres upon payment of $24,000.  Upon no other con-
ditions can the land company be required to convey, either
to Suydam or to any one who may succeed to his interest.

It is clear that if the whole of the balance of $7,900, due to
Suydam upon his contract for the sale of the ten acres to ap-
pellants, were applied towards the payment of the $18,000
due from him to the land company, still neither he, nor any
one claiming under him, would be entitled to a conveyance
from the land company.  The condition upon which the
land company is required to convey would still fall far short
of performance.  There is nothing in this record showing that
the land company has ever offered or is required to convey this

ten acres, except by a conveyance of the whole forty acres up-
on payment to it of the balance of the purchase price named
in its contract for the sale thereof.   Suydam did not, at any
time prior to the rendering of judgment in this case, have
title to the land involved so that he could convey the same,
nor was his interest in the land of such nature that the court
could by its decree place appellants in such position as his
successor in interest that they would be entitled to a con-
veyance from the land company of the ten acres, even by
payment to it of the whole of the balance of $7,900 due from
appellants to Suydam.   The court has no means of compel-
ling Suydam to perfect his title, except possibly by directing
the application of the balance due him from appellants, if
that would accomplish such result; and since that sum is
clearly insufficient to satisfy the conditions upon which the
land company can be compelled to convey, we are of the
opinion that the court can not decree specific performance
by directing the land company to convey; and a decree re-
quiring Suydam to convey would be an idle and fruitless
thing.   It is elementary that "the contract must be such that
the court is able to make an efficient decree for its specific
performance, and is able to enforce its own decree when
made." 4 Pomeroy, Equity Jurisprudence (3d. ed.), § 1405;
2 Warvelle, Vendors (2d. ed.), § 752; Maupin, Marketable
Title to Real Estate, 480; *Snell v. Mitchell,* 65 Me. 48; *Orms-
by v. Graham,* 123 Iowa 202, 98 N. W. 724; *Pack v. Gaither,*
73 N. C. 95; *Chartier v. Marshall,* 51 N. H. 400.

The facts not warranting a decree for specific performance
at the time of commencement of the action or any time there-
after, and being known to appellants, the question of their
damage is not in this case.   *Peters v. Van Horn,* 37 Wash.
550, 79 Pac. 1110; *Morgan v. Bell,* 3 Wash. 554, 28 Pac.
925, 16 L. R. A. 614.

Other contentions made by counsel relate to disputed facts
touching the alleged forfeiture of appellants' rights under
their contract with Suydam.   These need not be noticed,

since they in no event would change the result. We conclude that the judgment should be affirmed. It is so ordered.

RUDKIN, C. J., CROW, MOUNT, CHADWICK, DUNBAR, FULLERTON, and GOSE, JJ., concur.

## ON REHEARING.

[Decided August 6, 1910.]

PARKER, J.—Appellants have petitioned for a rehearing of this cause which we have granted, for the purpose of determining whether or not the judgment of the learned trial court should be modified and limited in its effect so as to leave open for adjudication upon the merits the question of appellants' right to specific performance of the contract sued upon, in the event appellants desire to bring a new action for that purpose. By our former opinion, it was held, in effect, that appellants should have been denied a decree of specific performance, because, at all times prior to the rendering of the judgment denying such relief, it was not possible for the court to render or enforce an efficient decree of specific performance whatever the rights of the parties might be, by reason of the want of title in respondent Suydam such as would enable him to convey in obedience to any such decree. We were not called upon to express any opinion upon the merits of appellants' rights as against respondents, that question not being involved when it was once determined that in no event could specific performance be enforced as the title stood at the time of, and prior to, rendering the judgment appealed from.

If the judgment of the learned trial court had gone no farther than to merely deny specific performance and dismiss the case, without assuming to finally adjudicate the rights of the parties under the contract sued upon, we would be content to let our former opinion affirming the judgment rest without modification. But we are reminded that, inadvertently, the full force and effect of the judgment was overlooked in the former review of the case. The judgment by its terms

not only denies specific performance, but also, in effect, decrees that appellants are not entitled to any relief upon the contract, that it be cancelled of record, and that the property thereby agreed to be conveyed be "discharged and cleared from any and all cloud or incumbrance which may exist thereon by virtue of the executing of said instrument by said defendant Suydam." By reference to the former opinion, it will be seen that respondent Suydam's title to the land which he agreed to sell appellants may have become perfected after the rendering of the judgment of the trial court, or may even in the future become so perfected, since the contract by which he was to acquire the land apparently may be kept alive by him until 1913. And it is also possible that appellants may have a right of specific performance when Suydam's title becomes such as to enable a court to render and enforce an efficient decree to that end. We express no opinion upon these questions; but in view of the ground upon which a decree of specific performance must have been denied at the time of rendering the judgment appealed from, we are of the opinion that the judgment should be vacated, and in lieu thereof a judgment of dismissal entered without prejudice to a new action.

It is urged by learned counsel for appellants that we should remand the case for further evidence or for a new trial. This we think would not be a proper practice. This case came to an end when the trial court disposed of it, and we are now only to determine what final judgment should then have been entered. *Wagner v. Law*, 3 Wash. 500, 28 Pac. 1109, 29 Pac. 927, 28 Am. St. 56, 15 L. R. A. 784.

The trial court is directed to vacate its judgment, and in lieu thereof enter a judgment dismissing the action without prejudice to the rights of the appellants to commence a new action. In view of this disposition of the case, we conclude that each party should pay their own costs in this court.

It is so ordered.

RUDKIN, C. J., GOSE, FULLERTON, CHADWICK, MOUNT, CROW, and MORRIS, JJ., concur.