[No. 9569.   Department One.   August 23, 1911.]

## J. H. SMITH et al., Appellants, v. FLATHEAD RIVER COAL COMPANY, Respondent.[1]

CORPORATIONS—STOCK—CONTRACTS—SPECIFIC PERFORMANCE. There can be no specific performance of a contract made by a stockholder for the issuance of corporate stock to him in exchange for property where the corporation had no unissued stock and was not authorized to issue any more.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered October 29, 1910, upon granting a nonsuit in an action for specific performance. Affirmed.

*John M. Gleeson* and *Joseph F. Morton,* for appellants.

*Skuse & Morrill,* for respondent.

MOUNT, J.—This action was brought to enforce specific performance of a contract. When the plaintiffs had introduced their evidence, the court dismissed their action. Plaintiffs have appealed.

It appears that the plaintiff J. H. Smith and the defendant company entered into the following contract:

"This agreement, made this the 7th day of April, 1908, by and between J. H. Smith, party of the first part, and the Flathead River Coal Company, party of the second part, witnesseth: That the party of the first part agrees to have surveyed and obtain a lease on one certain coal and petroleum claim situated in the southeast Kootenay, B. C., covered by Mining License No. 229, and its renewal in the name of Hattie L. Smith, and assign the said lease unto the Flathead River Coal Company, and accept therefor such number of shares of the capital stock in payment as shall have been issued to the original stockholders of said company in proportion to the number of acres involved. And the said party of the second part herein agrees that they will issue the above

[1]Reported in 117 Pac. 475.

mentioned number of shares of the capital stock of said company in payment of such assignment when it shall have been made."

Thereafter the plaintiffs procured the lease mentioned, and tendered the same to defendant, and demanded the stock— about 44,000 shares—which defendant refused to issue. It also appeared that the plaintiffs with others had organized the defendant corporation some time before the date of the contract, and were stockholders therein and knew that all the stock of the corporation had been subscribed and issued by the corporation to its stockholders except seven shares thereof, and that at the time the contract was entered into and at all times since, the corporation had no stock and was not authorized to issue any more. The trial court properly denied the relief sought, for the corporation could not legally issue the stock. Cook, Corporations, 426. The court was, therefore, powerless to enforce specific performance or to award damages. *Morgan v. Bell*, 3 Wash. 554, 28 Pac. 925, 16 L. R. A. 614; *Peters v. Van Horn*, 37 Wash. 550, 79 Pac. 1110.

Judgment affirmed.

DUNBAR, C. J., FULLERTON, and GOSE, JJ., concur.