[No. 15262.  Department Two.  October 8, 1919.]

# H. W. HEITMILLER et al., Appellants, v. J. W. PRALL et al., Respondents.[1]

NEW TRIAL (23)—GROUNDS—CONFLICTING EVIDENCE. Error cannot be predicated upon the refusal to grant a new trial for insufficiency of conflicting evidence which made a case for the jury.

TRIAL (89)—INCONSISTENT OR CONTRADICTORY INSTRUCTIONS. In an action by a tenant for loss of crops through the landlord's breach of covenants to install a pump, in which defendant put in issue the plaintiff's allegation as to due care in attending an orchard, and set up a counterclaim for loss of defendant's share of the crop, instructions withdrawing the counterclaim on defendant's failure to show the amount of the damage are not misleading or inconsistent with instructions requiring the plaintiff to show that he substantially performed the contract.

APPEAL (433)—HARMLESS ERROR—FAVORABLE TO APPELLANT. In an action to recover substantial damages, error in instructing that nominal damages can be recovered if there was a breach of the contract and no substantial damages proven, is error favorable to the plaintiff of which he cannot complain.

[1]Reported in 184 Pac. 334.

PLEADING (112, 113)—AMENDMENT—CHANGE IN CAUSE OF ACTIONS. In a tenant's action for damages for breach of the landlord's contract to install a pump, it is not error, at the conclusion of the evidence, to refuse an amendment of the complaint to show fraud and false representations inducing plaintiff to enter into the lease, as it would change the form of action and require a retrial.

Appeal by plaintiffs from a judgment of the superior court for Yakima county, Taylor, J., entered July 11, 1918, upon the verdict of a jury rendered in favor of the plaintiffs for nominal damages, in an action on contract. Affirmed.

*Snively & Bounds,* for appellants.

*E. M. Heyburn,* for respondents.

FULLERTON, J.—On April 14, 1917, the respondents Prall were the owners of certain lands situated in Yakima county, and on that day leased the same for one year to the appellants Heitmiller. The land had upon it a matured orchard of about twelve acres, and the remainder of the land was suitable for growing grains and grasses for hay and for growing garden vegetables. It is in the arid region and irrigation is necessary to produce crops of any sort. The source of supply for water is an artesian well, situated on the premises, which flows during the winter season and spring, usually down to about the middle of May, after which time it is necessary to raise the water by means of a pump. At the time of the lease, there was no pump at the well, and the respondents agreed in the lease to "pay the fair and actual cost of installing a pump and electric motor in the artesian well on the premises, . . . The cost of said pump and motor not to cost above $300." As a consideration for the lease, the appellants agreed to pay the maintenance cost of the pump and motor, properly spray, prune, irrigate and care for the orchard, harvest and sell the fruit grown thereon, and pay to the respondents one-third of the

gross amount received from such sale. Nothing is said in the lease concerning such other crops as might be grown on the land.

The appellants entered on the land under the terms of the lease, caused the orchard to be sprayed and pruned, planted to grain and vegetables certain portions of the land, and opened the irrigating ditches leading from the well to the parts of the land to be irrigated. The water flowed from the well until about the usual time, but the pump was not installed therein until some thirty-six days later. The crops were failures, no marketable fruits or vegetables maturing, and the hay crop was of no material value.

The appellants sought in this action to recover from the respondents damages in the sum of $6,476.46. They averred a breach of the contract to install the pump, and that the loss of the crops was the result of the breach. After issues joined, the cause was tried to a jury, who returned both a general and a special verdict. In their special verdict they found that the respondents unreasonably delayed the installation of the pump, but further found that the delay was not the cause of the loss of the crops. By their general verdict they found in favor of the appellants in the sum of one dollar. The appellants moved for a new trial, basing the motion on the grounds of inadequacy of the verdict and errors occurring at the trial. The motion was overruled and a judgment entered on the verdict. This appeal is prosecuted from the judgment so entered.

The assignment first discussed is the refusal of the court to grant a new trial on the ground of inadequacy of the verdict. It is asserted that there is abundant evidence in the record which would warrant the jury in finding that the loss of the fruit crop was due to the lack of water during the period intervening be-

tween the time the well ceased to flow and the time the pump was installed, and that there was no evidence to the contrary. On the first of these contentions we can agree with the appellants, but the second we think is not in accord with the record. It is needless to set forth the testimony or review it at length, but plainly there was evidence from which the jury could well have found that the failure of the orchard crop, the only failure on which a recovery against the respondents could be based, was not due to a lack of water. The appellants had had no previous experience with irrigated orchards, and there was evidence tending to show that they did not commence irrigating as soon as they should have commenced; that they did not apply the water to the orchard to the extent they could or should have done after they did so commence; that the orchard had suffered from neglect in prior years and required more than the usual care to make it produce marketable fruit, and that this care was not given it. While the evidence was conflicting, it was the province of the jury to say on which side the truth lay, a province with which the appellate court has no right to interfere.

It is next complained that the court erred in its instructions to the jury. The respondents, after putting in issue the appellants' allegations to the effect that they had tended and cared for the orchard in a proper manner, set up affirmatively such want of care, and that such want of care caused a loss to them of their interest in the crop to their substantial damage, and demanded judgment against the appellants for such damage. At the trial they offered no evidence as to the amount of the damage suffered by them, and the court withdrew the affirmative defense from the consideration of the jury by the following charge:

"The defendants claim that the plaintiffs failed to properly spray, prune, irrigate and care for the fruit trees, in consequence of which they have become infected and dried up for want of water, so that all were stunted and injured, and some perished, causing a loss to the defendants of $3,000.00, for which sum they ask judgment against the plaintiffs. This is called a cross-complaint and is denied by the plaintiffs. The defendants have not introduced any evidence in support of such claim and it is therefore withdrawn from your consideration and you must disregard it."

In another part of the instruction the following was given:

"As I have told you, the plaintiff's case is founded upon the lease, which makes it incumbent upon the plaintiffs to properly spray, prune, irrigate and care for all the fruit trees on the leased land. In order to entitle the plaintiffs to recover even nominal damages, they must have convinced you by a preponderance of the evidence that they substantially carried out and performed their obligations in the agreement, unless you are also convinced that they were prevented from performing those obligations by omission on the part of the defendants, if any, to install the pump and motor and make the power arrangements within a reasonable time."

It is contended that these instructions are conflicting, entitling the appellants to a reversal. Counsel say:

"Now in one instruction they [the jury] are told that they need not consider the failure of the plaintiffs to perform their part of the contract, and then in the part of the instruction excepted to they are told that they were to consider, and it was necessary for them to find, that the plaintiffs had performed their part of the contract before they could return a verdict even for nominal damages for the plaintiffs. It is our contention that there was no issue at any time in the case on the failure of plaintiffs to perform their part of the contract. Furthermore, that the evidence,

without contradiction, showed that the plaintiffs did everything they were required to do and even more, and the orchard, up to the time the water was shut off, was in excellent condition and gave every prospect of a bumper crop.''

We cannot, however, think the criticism just. Manifestly, in the first instruction, the court was considering the affirmative defense, and the instruction was intended to do no more than withdraw that defense from the consideration of the jury. The second instruction related to the issues made by the allegations of the complaint and the denials thereto, and was clearly pertinent to that issue. There was, therefore, no contradiction in the instructions viewed from a legal aspect; that is to say, the instructions were not so far contradictory that error must be conclusively presumed. The only question then is, Were the jury misled by them? As to this we think the verdict shows conclusively that they were not. No verdict in damages was returned in favor of the respondents, and the verdict as returned is clearly within the issues as made by the allegations of the complaint and the denials thereto. More than this, the instructions as a whole were so clear on the point as to leave no possible doubt as to the court's meaning. The other contentions made in this connection are sufficiently answered by what we have said concerning the proofs.

The court further instructed the jury that, if they were convinced by the evidence that the respondents failed to install the pump within a reasonable time after the water ceased to flow from the artesian well, the appellants were entitled to recover at least nominal damages, even if they suffered no substantial damages thereby; further instructing them that, if they found certain other facts, the appellants were entitled to recover substantial damages. Citing 8 R. C. L.

423, to the effect that nominal damages are those recoverable where a legal right has been invaded and no actual damages whatever has been or can be shown. The appellant contends that the instruction, in so far as it related to nominal damages, was error, since here actual damages could be shown. But we think the appellant has mistaken the meaning of the writer of the cited text. If we read it correctly, he was distinguishing between those instances where certain of the courts have held nominal damages properly recoverable and where they have held that they are not. For illustration: This court has held that nominal damages are properly recoverable in an action in the form of an action for damages where the recovery of damages is not the gist of the action, but is maintained to vindicate a right of the plaintiff which the defendant has invaded; while, on the other hand, it has held that they are not so recoverable where the gist of the action is the recovery of damages and there is a failure to prove substantial damages. This court is not alone in so holding, although it is not the uniform rule, and the text cited was but marking this distinction; it was not intended to be said that nominal damages could be recovered only in actions where substantial damages could not be proven. But, conceding the instruction to be contrary to our holdings, it is not error of which the appellants can complain. Since the gist of the present action is to recover damages, to instruct that nominal damages were recoverable if they found there had been a breach of contract and substantial damages had not been proven is an error for which the respondents could have complained, but it is not error against the other side. It was error in their favor, not error against them.

The appellants alleged in their complaint that the respondents, through their agents, at the time the

lease was entered into, represented that there was plenty of water to irrigate the land, and that, when applied to the land, it would produce maximum crops of both fruit and produce, and further represented that the pear trees were capable of producing, and would produce, from one to two tons of pears per tree, and it was these representations that induced them to enter into the contract of lease. It was not alleged that these representations were false or fraudulent, and recovery was asked because of a breach of the contract to install the pump. At the trial, by cross-examination of the appellants' witnesses, the respondents sought to show that there was some alkali in the soil of a part of the land, and that the trees had been neglected in prior years, which facts tended to render the orchard less productive than it otherwise would have been. At the conclusion of the evidence, the appellants asked leave to amend their complaint so as to show false representations and deceit, and asked to have the jury instructed on this theory. The court refused to allow the amendment, and its refusal is assigned as error. But we find no error in the ruling. The action as instituted was one in damages for a breach of contract, and the effect of the amendment sought to be made was to change it into an action for false representations and deceit. This would have changed its entire scope and nature, and would have required a practical retrial of the case. Whether it would have been an abuse of discretion to have granted the motion, we need not consider. We are clear that it was not so to deny it.

There is no reversible error in the record, and the judgment will stand affirmed.

HOLCOMB, C. J., MOUNT, PARKER, and BRIDGES, JJ., concur.