[No. 15842.   Department Two.   July 21, 1920.]

# H. N. MARTIN, *Appellant,* v. C. C. BATEMAN *et al., Respondents.*[1]

FRAUDS, STATUTE OF (9)—AGREEMENTS RELATING TO REAL PROP-
ERTY.  An oral contract to convey an interest in real estate to an
attorney in consideration of services is within the statute of frauds
and void.

SPECIFIC PERFORMANCE (6) — DEFENSES — TITLE OF DEFENDANT.
Where, at the time of commencing suit for specific performance, the
title had been conveyed and plaintiff knew that the court was with-
out jurisdiction to decree specific performance, it is error to grant
alternative judgment for damages.

PLEADING (112)—COMPLAINT—AMENDMENT — NEW OR DIFFERENT
CAUSE OF ACTION.  It is not an abuse of discretion to refuse to allow
a trial amendment to the complaint where it introduced new issues
and amounted to an abandonment of the stated cause and the com-
mencement of an entirely new action.

Appeal from a judgment of the superior court for
Lincoln county, Sessions, J., entered December 19,
1919, upon granting a nonsuit, dismissing an action
for equitable relief, tried to the court.   Affirmed.

*M. E. Jesseph* and *W. A. Wilson,* for appellant.

*Fred B. Morrill* and *F. H. McDermont,* for respond-
ents.

PER CURIAM.—The appellant Martin sued the re-
spondents Bateman and wife in the superior court of
Lincoln county, seeking a decree of the court decreeing
him to be the owner of a half interest in some four
hundred and eighty acres of land situated in the county
named, and requiring the respondents to convey such
interest to him.   In his complaint he alleged that the
respondent C. C. Bateman was formerly the owner of
the land mentioned; that he had, while such owner,

[1]Reported in 191 Pac. 759.

executed three separate mortgages covering the land, aggregating approximately twenty thousand dollars; that one of such mortgages had been foreclosed and the land sold thereunder and a sheriff's deed issued; that another had been foreclosed, the land sold thereunder, and the time for redemption had about expired, and that an action was pending to foreclose the third; that, with these conditions existing, the respondent C. C. Bateman employed him as an attorney at law to appear for the respondents and effect for them a right of redemption from such foreclosure sales, agreeing to give him "a one-half interest in and to said described real estate in consideration for such services"; that he entered upon such service, and procured for the respondents the right to redeem from such sales on the payment of seventeen thousand dollars, and otherwise performed all of the conditions of his contract; that the respondents thereupon refused to convey to him a one-half interest in the property, and that he had been in no manner remunerated for his services. The prayer was for the relief first stated, and for such other and further relief as the court should deem meet and equitable.

The answer admitted the employment of the appellant as an attorney at law to perform legal services in the cases mentioned, but denied the contract alleged, and further alleged a payment in full for the services performed.

On the trial of the cause, it developed from the appellant's testimony that the agreement upon which he relied was oral, and that the respondents had parted with their title to the land prior to the commencement of the action, a fact known to the appellant, whereupon the court held that there could be no recovery either in specific performance or in damages. The appellant

thereupon, through his counsel, asked leave to amend his complaint "so as to allege that the profits to be derived were to be divided instead of the land; that it was a partnership agreement between Mr. Bateman and Mr. Martin with reference to these profits, if any." No amended complaint was tendered, and the court, on the objection of the other side, refused to allow the amendment, but did allow the appellant to introduce such evidence as he desired tending to support the cause of action the proposed amendment suggested. At the conclusion of the appellant's case, the court sustained a challenge to the sufficiency of the evidence, and entered a judgment dismissing the action, with costs against the appellant. From this judgment, Martin appeals, assigning as error, first, the entry of the judgment against him; and second, the refusal of the court to allow a trial amendment to the complaint.

On the complaint in the record, clearly there could be no recovery. In the first place, the contract was one to convey an interest in real property, and, being oral, was within the statute of frauds. In the second place, it was known to the appellant, at the time of commencing his suit, that the respondents had parted with their interests in the property, and that specific performance could not be had even were the suit otherwise maintainable. The court was thus without jurisdiction to decree a specific performance, and this being known to the appellant at the time of the commencement of the suit, it would have been error to render an alternative judgment for damages. *Morgan v. Bell,* 3 Wash. 554, 28 Pac. 925, 16 L. R. A. 614; *Peters v. Van Horn,* 37 Wash. 550, 79 Pac. 1110; *Wright v. Suydam,* 59 Wash. 530, 108 Pac. 610, 110 Pac. 8; *Smith v. Flathead River Coal Co.,* 64 Wash. 642, 117 Pac. 475.

Nor are we able to conclude that the court abused its discretion in refusing to allow a trial amendment to the complaint. While the statement of the appellant's counsel as to the nature of the change desired is somewhat meager, enough is detailed, when considered in the light of the subsequent evidence introduced, to show that the proposed change would have introduced issues radically different from the issues made by the original complaint; issues, also, which the respondents were entitled to have definitely stated, issues which they were entitled to have time to prepare to meet, and issues on which they were possibly entitled to a trial by jury. In fine, the proposition was to abandon the stated cause of action and to commence an entirely new action. Since the judgment entered is not a bar to the new action, it would be too much to say, we think, that the court erred in a ruling the effect of which is only to require the appellant to commence the action in the regular way.

The judgment is affirmed.