[No. 25445. Department Two. February 14, 1935.]

FEDERAL RUBBER COMPANY, *Appellant*, v. M. M. STEWART COMPANY, *Respondent*.[1]

[1]Reported in 41 P. (2d) 158.

626

*F. L. Morgan,* for appellant.

*J. E. Stewart,* for respondent.

HOLCOMB, J.—In its original complaint filed in the proper county clerk's office on May 27, 1931, in which summons and complaint had been previously served, appellant sued upon a promissory note for one thousand dollars, dated December 6, 1929, due April 1, 1930, with interest at six per cent, the note reciting that it was one of a series of three notes aggregating three thousand dollars, all bearing the same date. This was the last note. The note provided for reasonable attorney's fee in case suit or action should be necessary, and appellant prayed for an attorney's fee of one hundred dollars. It was also alleged that no part of the note had been paid except the sum of two hundred and fifty dollars paid as of April 11, 1931.

On December 16, 1932, appellant, having moved therefor, was granted leave to file its amended complaint, again setting up the note, the partial payment thereon, and demanding two hundred and fifty dollars as a reasonable attorney's fee; but also alleged a series of transactions whereby respondent ordered merchandise consisting of tires and tire accessories in the conduct of the business of respondent at Aberdeen, Washington. Appellant was a wholesale dealer in tires and tire accessories, and respondent a retail dealer in Aberdeen and vicinity.

In its amended complaint, appellant demanded judgment as follows:

"WHEREFORE: The plaintiff prays judgment against the defendant in the sum of ONE THOUSAND and no/100 DOLLARS ($1000.00), with interest from December 6, 1929, and for an attorney's fee in the sum of Two HUNDRED FIFTY and no/100 ($250.00) DOLLARS, and for its costs and disbursements in this action; and in case the court shall find, as a matter of fact, that any of the

payments heretofore made have been erroneously credited to the sale of merchandise instead of having been credited upon said note, that the plaintiff shall have judgment upon such account for merchandise so sold in an amount equal to said payments; and further, that the plaintiff have any and all such relief in law or in equity as the court shall find proper, and upon the hearing of the testimony, that the amount actually due from the defendant to the plaintiff be ascertained in full, and that the plaintiff have such judgment as it is entitled to, whether upon note or upon open account, as the court may deem proper.''

In answer to the amended complaint, respondent, after making several denials of the allegations therein, also, by way of an affirmative defense to the action, alleged that the promissory note set forth in paragraph II of the amended complaint, and any and all promissory notes executed by respondent and delivered to appellant, both principal and interest, had been fully paid and discharged by respondent while appellant was the lawful holder and owner thereof.

The trial court, after hearing the witnesses and seeing the evidence in the case, made the following briefly summarized findings of fact: That, on December 24, 1929, respondent was indebted to appellant on an open account in the sum of $3,676; that, on that date, it made, executed and delivered to appellant three certain promissory notes, of one thousand dollars each, to partially cover such open account, and on that date paid the sum of $676 to reduce the open account to the amount represented by the three promissory notes; that the three promissory notes were never entered upon the books of appellant, but that respondent's indebtedness to it continued to be carried as an open account upon the books of appellant; and that, subsequent to the making of the three promissory notes, respondent received a monthly state-

ment from appellant, showing the condition of such open account.

It was also found that, at the time the three promissory notes were made by respondent, an oral agreement was entered into between the parties to the effect that certain monthly payments would be made upon the past due indebtedness of respondent to appellant, and that, as future purchases were made by respondent from appellant, an amount equal to the purchase value was to be paid and applied on the past due indebtedness; that, pursuant to that understanding, respondent thereafter paid to appellant a sum considerably in excess of the three thousand dollars represented by the three promissory notes; that, by virtue of the understanding between the parties with reference to the application of the payments, all of the three promissory notes, including the one sued upon in this action, were paid and extinguished.

In accordance with the foregoing findings, the court concluded that respondent was entitled to a judgment dismissing the action, and entered judgment accordingly.

Appellant on appeal stoutly contends first, that there was no such agreement made as that found by the trial court; and second, that the trial court was wrong in refusing all relief, as it was indisputably shown that respondent owed appellant at least the amount of the note sued upon after the credit of two hundred and fifty dollars had been given, or more.

[1] Appellant is correct in asserting that the burden of proof is upon the maker of the note to show payment when the execution and delivery of the note has been admitted, as in this case. *Creditors Association v. Fry,* 179 Wash. 339, 37 P. (2d) 688.

That case is not authority, however, for a decision in this case that the burden was not sustained by re-

spondent. In it, there was a special contract endorsed upon a certain writing to the effect that only a specified sum should be endorsed upon the promissory note of the maker.

While the testimony here was conflicting, after having examined it all we are unable to say that it preponderates against the finding of the trial court to the effect that the oral agreement to apply the payments as contended by respondent was made; and hence, we cannot disturb the finding of the trial court to that effect.

Neither can we agree with appellant that the two credit managers, one succeeding the other, during the course of these transactions, were without authority to make the oral agreement on behalf of appellant. Such authority should be implied, especially where appellant acted upon and received payments for a long period of time thereafter. Cf. *German-American Mercantile Bank v. Illinois Surety Co.,* 99 Wash. 9, 168 Pac. 772.

In *Firestone Tire & Rubber Co. v. Bordeaux,* 176 Wash. 592, 30 P. (2d) 385, relied upon by appellant, it was made an issue of fact as to whether a certain person, who was credit manager of a certain territory for one of the parties, had implied authority to agree on the price of returned goods different from the established rules and practice of the house, fixing the credit to be allowed on returned merchandise; and where his authority was limited to receiving payment in money for debts due, we held that he could not, without express authority, take payment in merchandise.

In the present case, the credit managers of appellant made no attempt to make agreements on behalf of their company to make allowances for returned merchandise. All they agreed to do was to make applica-

tions of payments *in money,* which fact distinguishes this case from the case cited.

A very complicated record of orders, invoices, charges, payments and credits is presented here, which is impossible to set out in detail, or even to summarize satisfactorily. Appellant was and is, however, entitled to some relief under his amended complaint and the record herein. The amended complaint makes allegations which, if the facts justify, entitle the pleader to relief. Such amendments can be made at any time, under our Rule of Practice III, 159 Wash. lviii (Rem. Rev. Stat., § 308-3 [P. C. § 8676-6]; and under the fourth paragraph of that rule a cause of action which would not have been barred by the statute of limitations, if stated in the original complaint, shall not be barred if introduced by amendment at any later stage of the action, etc.

Appellant declares that the last item of the mutual, open and current account shown by respondent itself was dated November 1, 1930, which showed a balance due by it to appellant of $1,075.68. It also asserts that an item reducing that balance, on December 31, 1930, to $972.98 is a forced item.

We cannot so discover from the record, and there is no contradictory evidence. On April 10, 1931, the balance shown by the account of respondent, after the payment of two hundred and fifty dollars, alleged as a payment on the note and denied by respondent, reduced the balance to $722.98. That amount is undisputable. There is very little difference, with the exception of the defeat in the allowance of the attorney's fee to appellant's counsel, in these amounts. Both open accounts and the notes in question bore interest at six per cent, which is the legal rate on open accounts.

Upon the facts disclosed by the record before us,

appellant is entitled to judgment against respondent for the sum of $722.98, with interest at the statutory rate from April 10, 1931, and costs of suit and appeal.

Reversed and remanded, with instructions to enter judgment in conformity herewith.

MILLARD, C. J., STEINERT, GERAGHTY, and BLAKE, JJ., concur.