[No. 28060. Department One. September 29, 1941.]

JOHN L. GILMOUR, *Appellant,* v. E. E. LONGMIRE, *Respondent.*[1]

*Chester R. Thomas,* for appellant.

*E. K. Brown,* for respondent.

[1]Reported in 117 P. (2d) 187.

512

DRIVER, J.—Plaintiff filed his complaint on November 16, 1939. The defendant was erroneously designated therein as "L. L. Longmire," instead of "E. E. Longmire," and, in order to correct the mistake, the plaintiff filed an amended complaint on the following day. With the exception of the defendant's initials and the date of verification, the two pleadings were identical.

In his amended complaint, the plaintiff alleged: That he had been doing business under a trade name and had filed a certificate thereof, as required by law;

"That on or about the 3rd day of January, 1935, at Ellensburg in the said County of Kittitas, the defendant made his promissory note in writing whereby at the date thereof he promised to pay to the plaintiff the sum of Four Hundred Thirty-five Dollars and Ninety-seven ($435.97) cents one year after date, with interest at the rate of six per cent per annum from date, for value received and then and there delivered the same to the plaintiff";

That, during the year 1936, the note had been accidently lost by the plaintiff, or by his attorney, or it had been stolen from one or the other of them; that the note was in default, no payment having been made thereon, except the sum of one hundred dollars, which the defendant paid on December 2, 1936; that the note provided for the payment of a reasonable attorney's fee in case of suit thereon, and that seventy-five dollars was a reasonable fee for the court to allow the plaintiff. The prayer was for judgment against the defendant in a stated sum, together with interest, attorney's fee, and costs.

On December 6, 1939, the defendant served and filed an answer in which he denied all the allegations of the complaint with reference to the making and loss of the note, admitted "that on December 1, 1936 he paid to plaintiff $100.00," but alleged "that he paid said sum of $100.00 upon an open account which de-

fendant then and there owed to plaintiff but which said open account is now barred by the Statute of Limitations."

The cause was tried to the court without a jury on January 11, 1940. Plaintiff testified that, in the fall of 1934, the defendant owed him a grocery bill of $435.97, and that he turned the account over to an attorney for collection; that thereafter the defendant came into his grocery store and gave him a check for one hundred dollars, "stating that he wished said amount credited upon his note"; and that the plaintiff accepted the payment and gave the defendant a receipt.

The attorney (he was not of counsel for the plaintiff in the instant case) testified that, when the account was placed with him for collection, he tried to persuade the defendant to sign a promissory note for the amount of the account, but to no avail; that, on each of two different occasions, he had drafted a note and asked the defendant to sign it, but the latter had declined. Plaintiff offered no other proof of the making of the note.

The plaintiff next offered his books of account to prove that the defendant was indebted to him, but the defendant objected, and the objection was sustained. The plaintiff then moved for leave to amend the complaint so as to set up a cause of action on the open account. The court denied the motion. At the conclusion of plaintiff's case, judgment was entered dismissing the action and the plaintiff appealed.

The sole question for determination is whether the appellant should have been permitted to amend his complaint and proceed with an action on the open account.

The last payment was made on the account on December 2, 1936, and it was therefore barred by the three-year statute of limitations, chapter 28, Laws

of 1923, p. 70, § 1 (now Rem. Rev. Stat. (Sup.), § 159 [P. C. § 8166]), before the answer was served or leave to amend was requested, although it was not barred when the action was commenced on November 16, 1939. If appellant is to prevail in this case, it must be by virtue of some specific statute or rule of court.

"In the absence of statutory authorization, and in many jurisdictions because of express statutory restrictions, the generally accepted rule is that an amendment cannot be permitted which sets up a new and distinct cause or action, or which substantially changes the claim or cause of action set out in the original pleadings." 49 C. J. 507, § 671.

This court subscribed to the foregoing rule in two cases which were decided prior to the effective date of any of the rules of practice adopted by the court pursuant to chapter 118, Laws of 1925, Ex. Ses., p. 187 (Rem. Rev. Stat., § 13-1 [P. C. § 8676-1]); namely, *Heitmiller v. Prall,* 108 Wash. 382, 184 Pac. 334; and *Martin v. Bateman,* 111 Wash. 634, 191 Pac. 759.

It is appellant's contention that he was entitled to amend under the provisions of Rule of Practice VI, 193 Wash. 42-a, Rem. Rev. Stat. (Sup.), § 308-6 [P. C. § 8676-9]. The pertinent provisions of the cited rule are:

"2. The court, upon motion, at any stage of an action, may order or give leave to either party to alter or amend any pleading, process, affidavit, or other document in the cause, to the end that the real matter in dispute, and all matters in the action in dispute, between the parties may be completely determined as far as possible in a single proceeding. But the order or leave shall be refused if it appears to the court (a) that the motion was made with intent to delay the action, or (b) that the motion was occasioned by lack of diligence on the part of the moving party and the granting of the motion would unduly delay the action or embarrass any other party, or (c) that, for any

other reason, the granting of the motion would be unjust. . . .

"4. A cause of action which would not have been barred by the statute of limitations if stated in the original complaint or counterclaim shall not be so barred if introduced by amendment at any later stage of the action, *if the adverse party was fairly apprised of its nature by the original pleading, and that the plaintiff was claiming thereunder,* provided no new party is added thereby."   (Italics ours.)

Even though we assume (without deciding) that, under the circumstances, it would have been an abuse of discretion for the trial court to deny the appellant's motion for leave to amend under the above-quoted provisions of paragraph two of Rule VI, we think it is clear that the court properly denied the motion because of the conditions imposed by the italicized portion of paragraph four of the rule.   By the requested trial amendment, appellant sought to introduce a new cause of action on an open account which was then barred by the statute of limitations.   There was nothing whatsoever in the original pleading to fairly apprise the respondent either of the nature of the new cause of action or that the appellant was claiming thereunder.   The amended complaint merely stated a cause of action on a promissory note, and alleged that the note had been lost or stolen.   It did not disclose what the consideration for the note was, nor did it contain the slightest indication that the appellant was claiming under an open account for the sale and delivery of groceries to the respondent.

In support of his contention, appellant quotes from the opinion in *Federal Rubber Co. v. Stewart Co.,* 180 Wash. 625, 41 P. (2d) 158, as follows:

"The amended complaint makes allegations which, if the facts justify, entitle the pleader to relief.   Such amendments can be made at any time, under our Rule of Practice III, 159 Wash. lviii (Rem. Rev. Stat., § 308-3

[P. C. § 8676-6] [now Rule of Practice VI, *supra*]; and under the fourth paragraph of that rule a cause of action which would not have been barred by the statute of limitations, if stated in the original complaint, shall not be barred if introduced by amendment at any later stage of the action, etc."

It will be noted that the provisory conditions of paragraph four of the rule, which, as we have stated, we regard as decisive in this case, are not mentioned in the foregoing quotation except by the term "etc." The concluding clause, moreover, must be regarded as dictum, as it was not necessary to the decision of any issue in the cited case. The opinion does not mention any statute of limitations. The plaintiff therein, after starting suit on a promissory note, filed an amended complaint in which he again set up the note, also alleged a series of transactions pertaining to the sale of merchandise at wholesale to the defendant, and prayed, in the alternative, for judgment on the note or on the account. The defendant, in his answer, did not plead the statute of limitations. Furthermore, the trial court found, and its finding was not disturbed upon appeal, that there had been a payment upon the merchandise account within three years prior to the date of the filing of the amended complaint. Clearly, the cited case is not in point here.

Under the circumstances of the case at bar, in view of the plain import of the above-quoted language of the fourth paragraph of Rule VI, Rules of Practice, the trial court properly denied the appellant leave to amend, and dismissed the action.

Judgment affirmed.

ROBINSON, C. J., MAIN, BLAKE, and STEINERT, JJ., concur.