**Idellar V. SCHEELE, Appellant,**

v.

**CITY OF ANCHORAGE, a municipal corporation, Wayne Baskett, and T. J. Norris, Appellees.**

**No. 307.**

Supreme Court of Alaska.

Oct. 11, 1963.

John M. Savage of Clark & Savage, Anchorage, for appellant.

Harland W. Davis, Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

■ We are asked in this case to apply retrospectively the rule we laid down in City of Fairbanks v. Schaible,[1] that a municipal corporation in Alaska does not enjoy immunity from tort liability in the exercise of either proprietary or governmental functions.

The plaintiff-appellant complained in the court below that on September 29, 1960, she had suffered personal injuries arising out of police brutality following her arrest. The city and two of its police officers, who had been named with it as defendants, answered denying the charge of brutality and alleging that the plaintiff's injuries were self-inflicted while she was in a state of extreme intoxication. The city subsequently moved for a summary judgment in its favor on the theory that a municipality is not liable for the acts of its employees while engaged in a governmental function.

On December 11, 1961, the trial court ordered that the case should remain in pretrial conference status until this court had rendered a decision in the Schaible case. That decision was published on August 10, 1962. On October 5, 1962, the trial court granted the city's motion for summary judgment and the plaintiff appealed. The trial court in granting the motion was influenced, no doubt, by the following paragraph appearing in City of Fairbanks v. Schaible:

"We hold that in this case the City is liable for the negligence of its fire department. However, since there were decisions of the territorial district court which may have led munici-

palities in Alaska to rely upon a doctrine of immunity from tort liability in the exercise of governmental functions, *in order to avoid hardship on the municipalities the rule we state in this case shall apply only to actions arising out of occurrences after the date of this opinion.*"[2] [Emphasis added.]

■ We look upon what we said in the Schaible case, regarding the prospective effect of that decision as obiter dictum, since it was not necessary to the decision in the case.[3] Being obiter dictum it is not binding upon us in this case.[4] Not until it was raised in the instant case have we had the question squarely before us whether the rule in Schaible should be applied retrospectively or prospectively only. Now that we have been enlightened by briefs and arguments of counsel in the case presently before us and have had the benefit of further research and more mature consideration of our own, we are convinced that the dictum in the passage quoted above from our opinion in Schaible was erroneous and we, therefore, disavow it.

■ In the oft cited case of Great No. Ry. v. Sunburst Oil & Ref. Co.,[5] the United States Supreme Court held that there is no federal constitutional objection to a state's highest court making a choice for itself in overruling an earlier decision, whether the new rule declared by it shall operate prospectively only or shall apply also to past transactions. The Court went on to explain:

"The alternative is the same whether the subject of the new decision is common law [citing cases] or statute. [Citing cases.] The choice for any state may be determined by the juristic

1. Opinion No. 97, 375 P.2d 201, 208 (1962).

2. City of Fairbanks v. Schaible, supra note 1, 375 P.2d at 211.

3. See McCluskey v. Industrial Comm., 80 Ariz. 255, 296 P.2d 443, 445 (1956); Greenfield v. Mather, 32 Cal.2d 23, 194

P.2d 1, 5 (1948); Gilmour v. Longmire, 10 Wash.2d 511, 117 P.2d 187 (1941).

4. Union Pac. R. Co. v. Anderson, 167 Or. 687, 120 P.2d 578, 587 (1941); D'Amico v. Conguista, 24 Wash.2d 674, 167 P.2d 157, 162 (1946).

5. 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360, 85 A.L.R. 254 (1932).

philosophy of the judges of her courts, their conceptions of law, its origin and nature. We review, not the wisdom of their philosophies, but the legality of their acts. * * *"[6]

What we said as obiter dictum in the Schaible case was prompted by a feeling we entertained at the time we wrote the opinion that it would work a hardship upon municipalities to suddenly pluck from them the mantle of municipal immunity and subject them to liability for torts committed by them in the exercise of governmental functions at times when they may have been relying upon the doctrine of such immunity. The hardship upon municipalities which we had in mind was a financial one occasioned by their failure to protect themselves with liability insurance. It seems to us now that we might just as readily have assumed that the cities, or at least some of them, did not rely upon the doctrine of immunity, for they had the 1958 decision in Lucas v. City of Juneau[7] to guide them. In that case Judge Kelly stated that, if the City of Juneau had been found negligent in the operation of an ambulance as a governmental function, it might be held liable under the provisions of section 56–2–2 A.C.L.A. 1949 [A.S. 09.65.070] which provides:

"An action may be maintained against any of the public corporations in the Territory mentioned in the last preceding section in its corporate character, and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such public corporation."

So we conclude and now hold that the substantive defense of governmental immunity abolished by the decision in the Schaible case is also abolished for the instant case and for all other pending cases, those not yet filed which are not barred by the statute of limitations, and all future causes of action. Accordingly, the summary judgment entered in this case below is reversed and set aside and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

6. Id., 287 U.S. at 365, 53 S.Ct. at 149, 77 L.Ed. at 367.

7. 168 F.Supp. 195, 201–202 (D.Alaska 1958).