[No. 28810.    Department One.    February 23, 1943.]

HARRIET SEELY, *Appellant,* v. ANNE GILBERT *et al., Respondents.*[1]

[1]Reported in 134 P. (2d) 710.

612

*C. P. Borberg,* for appellant.

*G. E. Steiner,* for respondent Gilbert.

*Bogle, Bogle & Gates,* for respondent Green.

MILLARD, J.—This action was instituted October 9, 1939, to recover for an alleged assault and battery committed October 9, 1936, upon the person of plaintiff, who also alleged that, pursuant to a conspiracy entered into prior to October 9, 1936, by the defendants with each other, she was incarcerated in a sanitarium in the state of Kansas. Five persons were named parties defendant: D. C. Shepard, May O'Hara, Dr. Paul Whelan, Anne Gilbert, and Rebecca Green. No service was made on D. C. Shepard and May O'Hara, and they made no appearance in the action. Defendants Whelan, Gilbert, and Green were represented by separate counsel. A first amended complaint was filed September 21, 1940. Plaintiff filed a second amended complaint December 5, 1941. The two amended complaints do not differ materially from the original complaint.

At the time the original complaint was filed, plaintiff was represented by one attorney who, associated with another attorney, represented plaintiff when the first amended complaint was filed. One of these attorneys died, and the other withdrew from the case thereafter. Another firm of two attorneys represented plaintiff when the second amended complaint was filed. Those two attorneys withdrew from the case on or before the

date motion for dismissal of the action, for want of diligent prosecution, was filed. Plaintiff was represented by another attorney when motion for dismissal of the action was heard. That attorney withdrew from the case and plaintiff retained another attorney, who wrote brief on plaintiff's appeal to this court and thereafter withdrew from the case.

Dr. Whelan's demurrers on a number of grounds (one of which was that the action was not commenced within the time limited by law) to the first amended and to the second amended complaint, were sustained. Plaintiff refused to plead over, following sustaining of demurrer to the second amended complaint, whereupon judgment, from which no appeal was taken, was entered dismissing the action as to Dr. Whelan. This left Anne Gilbert and Rebecca Green in the case.

By answer October 25, 1939, to the original complaint, Anne Gilbert pleaded the statute of limitations in bar of the action. The answer was never noted for trial. First and second amended complaints, complete in themselves and in which no reference was made to the original complaint, were filed. The second amended complaint was not served upon either of defendants Gilbert and Green, who were not aware same had been filed until they discovered that pleading when examining the files of the case in the superior court.

Defendant Green's demurrer to the original complaint and her motion to require plaintiff to separately state causes of action, resulted in entry of an order permitting plaintiff to file an amended complaint, to which, as stated above (and later to a second amended complaint), defendant Whelan's demurrer was sustained and the action dismissed as to him.

Defendants Gilbert and Green filed motion February 10, 1942, to dismiss the action for want of diligent prosecution under Rule III of Rules of Pleading, Pro-

cedure, and Practice of this court (193 Wash. 40-a), which provides for dismissal of any civil action, without prejudice, for want of prosecution whenever the plaintiff or cross-complainant shall neglect to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss.

The motion was noted for hearing February 16, 1942, on which date request of eminent counsel then representing plaintiff for continuance until February 26, 1942, was granted, and on that date the motion to dismiss was heard. Plaintiff stated to the court that "the complaint presented a serious matter and she would like to have a continuance for two weeks in order to obtain a settlement of the matter, if possible." Counsel for defendant Gilbert stated to the court that, in the interim between the continuance from February 10, 1942, to date of hearing February 26, 1942, he had broached the question of settlement to his client, who declined to make a settlement; "that he was satisfied a settlement could not be obtained." In answer to the court's inquiry whether he had any defense to the motion to dismiss, plaintiff's able and reputable counsel (who shortly thereafter withdrew from the case) replied that he had no defense; whereupon, an order dismissing the action as against defendants Gilbert and Green was entered. Plaintiff appealed.

Appellant is now represented by counsel who was retained only three days before hearing in this court of her appeal. That attorney, who did not participate in any of the proceedings in the trial court or have aught to do with preparation of the brief on appeal, admitted in this court that action as pleaded in original complaint is one for assault and battery; there-

fore, it is barred by the two-year statute of limitations. Rem. Rev. Stat., § 160 [P. C. § 8168].

In drafting the second amended complaint, we note appellant endeavored to conceal the real cause of action and make it one for conspiracy. Appellant cannot evade the statute of limitations by disguising her real cause of action by the form of her complaint. 12 C. J. 613.

When the motion of respondents for dismissal of the action was heard, appellant's counsel stated to the trial court that he had no defense to the motion. That judicial admission made by appellant's attorney is conclusive and binding on her. The order granting the motion for dismissal was, in effect, a judgment by consent, and, as we said in *Winton Motor Carriage Co. v. Blomberg*, 84 Wash. 451, 147 Pac. 21:

"Judgments by consent are valid as between the parties, and in the absence of fraud or mistake, will not be reviewed on appeal."

There is not the slightest hint of fraud or mistake. Appellant's request for a continuance for the purpose of effecting a settlement, which the record discloses is hopeless, was not an assertion that she could successfully maintain this action (the complaint discloses the action is barred), nor did she deny authority of her attorney to confess judgment; hence, her attorney's confession is binding on appellant.

If the original complaint survived as to respondent Gilbert, an issue of fact was pending from October 25, 1939, to date (February 10, 1942) of filing of motion to dismiss, from which it would logically follow the motion to dismiss should be granted under above-quoted Rule III of Rules of Pleading, Procedure, and Practice of this court. If, however, the original complaint did not survive as to respondent Gilbert, there was no issue pending at the time the motion to

dismiss was heard, and the dilatory proceedings and laches of appellant justified the court in clearing the case from the record.

The situation is the same as to respondent Green. The trial court was never in a position to render judgment on the issues made by the original, the first amended, or the second amended complaints. The filing of the second amended complaint (it was never served upon respondents), which was complete in itself and which did not reserve to itself any part of the original complaint or first amended complaint, constituted an abandonment of the two former complaints, and the action rests on the second amended complaint. 49 C. J. 558.

More than six years have elapsed since alleged commission of assault and battery to recover for which appellant commenced this action three years subsequent to the tort. At least one-half dozen attorneys have represented appellant in this action, all of whom (except one who died) withdrew after short association with the case. On the record, the trial court would not have been warranted in doing other than dismiss the action.

The judgment is affirmed.

SIMPSON, C. J., STEINERT, JEFFERS, and MALLERY, JJ., concur.