[No. 32095.   Department One.   December 4, 1952.]

GEORGE C. HILL *et al., Respondents,* v. KING COUNTY, *Appellant.*[1]

Charles O. Carroll and Samuel C. Rutherford, for appellant.

Ferguson & Burdell and Donald McL. Davidson, for respondents.

MALLERY, J.—Two actions consolidated for trial were brought against King county for damages to real and personal property on the west shore of Lake Sammamish, which occurred on February 9, 1951, when an earth fill under a county road was washed out and large quantities of earth, mud, and debris cascaded onto the property in question, one thousand feet to the east of it.

From a judgment for plaintiffs, the defendant appeals.

[1]Reported in 250 P. (2d) 960.

Defendant's assignment of error No. 4 is as follows:

"The court erred in entering its Finding No. V in both causes where it found that

" 'On February 9, 1951, and for a considerable period of time prior thereto, the drainage system of the Northrup Road for at least 3000 feet north of said dirt fill was inadequate to carry ordinary surface drainage in said area and for a considerable period of time prior to February 9, 1951, said culverts had not been inspected, cleaned and maintained and on February 8, and 9, 1951, a large volume of water was diverted from its natural drainage for at least 3000 feet along the west side of said road to a draw in back of or on the west side of said dirt fill and that the old cedar culvert under said fill had collapsed and ceased to function either entirely or in part, which condition had existed for a very considerable period of time prior to February 9, 1951, and that the aforesaid events were one of the proximate causes of said fill becoming saturated, collapsing and casting down upon the real property of plaintiffs, water, dirt, debris, stumps, logs and trees which damaged their real property; *that a concurrent cause was pressure of subterranean water from gravel strata under the base of the fill, accelerated by a period of excessively heavy,* but not unusual *rainfall*; that said damage would not have been sustained but for the aforesaid acts of the defendant.' " (Italics ours.)

It was the defendant's theory of the case that the damage was caused exclusively as set out in the italicized portion of the above finding of fact. The plaintiffs, on the other hand, relied upon facts as set out in the remainder of the finding.

The record shows that both theories of the cause of the damages were supported during the trial by expert witnesses, who developed the conflict *in extenso* for 857 pages of testimony. We content ourselves by saying that the trial court could have believed either theory, since both are amply supported by the record.

In *Michigan Millers Mutual Fire Ins. Co. v. Oregon-Washington R. & Nav. Company,* 32 Wn. (2d) 256, 201 P. (2d) 207, we said:

"We have held many times that the findings of the trial court will not be disturbed by us unless we can say that such findings are clearly not supported by the weight of the evidence."

In the instant case, we are not prepared to overturn the trial court's findings on such a ground.

■ The defendant assigns as error the action of the trial court in overruling its challenge to the sufficiency of the evidence made at the close of plaintiffs' case. It did not stand upon its motion and put in a defense. This assignment, therefore, is not good. *Sevener v. Northwest Tractor & Equipment Corp., ante* p. 1, 247 P. (2d) 237.

■ The defendant assigns as error the making of the trial court's third finding of fact to the effect that King county "undertook to construct" the Northrup road and drainage system. This was alleged in paragraph five of both complaints and admitted by the defendant in paragraph four of both its answers. RCW 4.36.160 [*cf.* Rem. Rev. Stat., § 297] provides:

"Every material allegation of the complaint not controverted by the answer, and every material allegation of new matter in the answer not controverted by the reply, shall, for the purpose of action, be taken as true; . . ."

The assignment is without merit.

Defendant's assignment of error No. 3 is directed to the trial court's finding of fact No. 4 to the effect that King county constructed an earth fill and log culvert. We are satisfied that the finding is supported by the record, and that there is no merit in the assignment of error.

■ Defendant's assignment of error No. 5 is not supported by any argument in its brief. Therefore, it will not be considered. In *Fowles v. Sweeney, ante* p. 182, 248 P. (2d) 400, we said:

"Assignments numbered 5, 6 and 7 have not been argued by appellant in her brief. Under such circumstances, they are regarded as having been waived or abandoned and will not be considered."

The other assignments of error are purely formal, and must abide the results as discussed above.

The judgment is affirmed.

SCHWELLENBACH, C. J., GRADY, DONWORTH, and WEAVER, JJ., concur.