[No. 33350. *En Banc.* March 29, 1956.]

WARREN N. WINSLOW, *Respondent,* v. E. J. MELL *et al., Appellants.*[1]

[1]Reported in 295 P. (2d) 319.

O'Leary, Meyer & O'Leary, for appellants.

Foster & Foster, B. Franklin Heuston, and Wright & Wright, for respondent.

OTT, J.—This is an action for damages arising out of an alleged breach of an oral contract to log timber.

At the trial of the cause, plaintiff Winslow testified that defendant E. J. Mell (who will be referred to herein as though he were the sole defendant) agreed to finance plaintiff's logging operation, including the cost of necessary

logging equipment, and that the agreement contemplated logging two hundred acres of timberland owned by the defendant in Pacific county. He further testified that the Crown Zellerbach Corporation owned an adjoining tract, containing an estimated one and one half million board feet of timber, which was also to be logged by plaintiff, provided that the defendant obtained the timber rights thereon.

The plaintiff testified that he was to receive eighteen dollars per thousand board feet for the logs delivered to the booming ground, plus a bonus of five dollars per thousand for logs delivered in excess of six million board feet, up to and including ten million, and an additional bonus of four dollars per thousand for deliveries in excess of ten million board feet.

The defendant denied that he had agreed to finance plaintiff's logging operation or to pay bonuses, but admitted that he had agreed to pay eighteen dollars per thousand board feet for logs delivered to the booming ground.

The jury returned a general verdict for the plaintiff in the sum of forty-two thousand five hundred dollars. The defendant's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial was denied, and judgment was entered upon the verdict. The defendant has appealed.

██ Appellant urges twenty-six assignments of error. In the appeal brief, he did not argue six of these assignments. Hence, they are deemed to have been abandoned. *Fowles v. Sweeney*, 41 Wn. (2d) 182, 248 P. (2d) 400 (1952); *Hill v. King County*, 41 Wn. (2d) 592, 250 P. (2d) 960 (1952); *Shook v. Bristow*, 41 Wn. (2d) 623, 250 P. (2d) 946 (1952).

Appellant assigns error to the admission, over objection, of testimony by the respondent which related to alleged damage suffered by virtue of his inability to log the timber on the Crown Zellerbach property. We find merit in this assignment. At the inception of the alleged oral contract, the appellant had not obtained title to the Crown Zellerbach property or the right to log the timber thereon. Nor

did the respondent prove that the appellant had acquired the right to log the timber on this land prior to the alleged breach.

The testimony upon which the respondent relied to establish that appellant had acquired such logging rights is as follows:

"Mr. Mell told me [respondent] at that time that he planned to trade the land that he had acquired from Pacific County to Crown Zellerbach Corporation in exchange for timber that they owned in that area . . . He told me at that time he had acquired, or made arrangements to purchase the timber particularly between the two townsites from Crown Zellerbach Corporation. . . . Q. Now, let's get back to the question. Do you know—this is the one I asked you that you could answer by yes or no—do you know whether or not he did buy that property? A. *I don't know definitely that he did, or didn't.*" (Italics ours.)

■ The appellant's promise that the respondent could also log the Crown Zellerbach tract was conditioned upon appellant's acquisition of the timber rights. There was no duty on the part of the appellant to acquire the Crown Zellerbach timber so that respondent might log it. Its acquisition was at appellant's option or pleasure. One who promises to do a thing only if it pleases him to do it is not bound to perform it at all, as his promise is illusory. 1 Corbin on Contracts 461, 468, §§ 145, 147.

■ Under the facts of this case, before the respondent could claim damages because of an alleged breach of this part of the contract, he must affirmatively show that the appellant had obtained the timber rights upon the property in question prior to the breach. The testimony did not establish this essential fact.

The appellant next assigns as error the admission of evidence of respondent's damage allegedly caused by appellant's failure to finance him, which resulted in the loss of respondent's equity in a truck.

■ ■ We find merit in this assignment for the reason that there was no showing that appellant knew that the truck in question was a part of respondent's logging equip-

ment, or that it was being used in this logging operation. Nor was there any proof that the respondent had requested that the appellant advance money for this specific item. In order to claim damages for failure to furnish funds for the purchase or acquisition of necessary equipment, the respondent must prove that the equipment was necessary for the operation, and that demand had been made upon the promisor to advance the payments necessary to prevent the loss claimed. Appellant can be liable only for such damage as he could reasonably anticipate to be the result of his alleged misconduct.

In *Dally v. Isaacson*, 40 Wn. (2d) 574, 578, 245 P. (2d) 200 (1952), this court adopted the following rule from 1 Restatement, Contracts, 509, § 330:

" 'In awarding damages, compensation is given for only those injuries *that the defendant had reason to foresee* as a probable result of his breach when the contract was made. If the injury is one that follows the breach in the usual course of events, there is sufficient reason for the defendant to foresee it; otherwise, it must be shown specifically that the defendant had reason to know the facts and to foresee the injury.' (Italics ours.)"

The respondent did not meet the burden of proving that appellant could or should have foreseen the specific loss in question. Hence, it was error to permit the respondent to testify, over objection, that, because of the loss of the truck, he suffered damages in the amount of $3,841.63.

Three assignments of error relate to the alleged error by the court in allowing one witness to be cross-examined as to statements he had made to a third person concerning the expected profit on the logging operation, and the mortgage on a tractor sold by the appellant to the respondent. The trial court ruled that such cross-examination was permissible to test the witness's bias, memory, and veracity.

It was within the trial court's discretion to permit cross-examination upon collateral matters for the purposes expressed in its ruling. *State v. Anderson*, 46 Wn. (2d) 864, 285 P. (2d) 879 (1955). The court did not abuse its discretion in allowing the cross-examination.

Appellant contends that the oral contract to log was within the statute of frauds, and unenforcible because it would not have been completed within one year.

■ A contract does not fall within the provisions of RCW 19.36.010 (1) [*cf.* Rem. Rev. Stat., § 5825]

". . . unless, by its terms, it cannot be performed within one year from its making. However, the court will examine the surrounding circumstances to ascertain the terms of the contract and to determine whether, by those terms, the contract must of necessity require more than one year to perform." *Gronvold v. Whaley,* 39 Wn. (2d) 710, 717, 237 P. (2d) 1026 (1951).

■ The manager of the appellant's logging operation testified that it would be physically possible to log the tract in one year, if enough men and equipment were available. It does not appear, from the record before us, that the contract, by its terms, required more than one year for performance.

We find no merit in this assignment, and none in the remaining assignments of error.

The jury, in the performance of its duty in considering the conflicting evidence, found that a logging agreement had been proved; that the agreement had been breached, and awarded damages for the breach.

■ In awarding damages, the jury was erroneously permitted to consider two items. The amount of damages allowed by the jury in connection with the Crown Zellerbach property is not calculable with reasonable certainty. In such instance, a retrial is necessary. *Peterson v. Chess,* 92 Wash. 682, 159 Pac. 894 (1916).

The evidence as to the number of board feet in the remaining area would not sustain a finding by the jury of more than six million board feet. Upon a retrial, the only issue to be determined is the number of board feet in that area (not exceeding six million), and the respondent's loss of profit resulting from breach of the contract.

The judgment is reversed, and the cause remanded with

instructions to grant a new trial upon the issue of damages as above defined only. Appellant will recover costs.

ALL CONCUR.

June 13, 1956. Petition for rehearing denied.

[1]Reported in 295 P. (2d) 328.