[No. 33607.   Department One.   August 23, 1956.]

RICHARD J. ENNIS *et al., Appellants*, v. HAROLD E. RING *et al.,*
*Respondents.*[1]

[1]Reported in 300 P. (2d) 773.

*William C. Harrison* and *Richard J. Ennis*, for appellants.

*Raftis & Raftis*, for respondents.

OTT, J.—February 15, 1944, Walter S. Wynhoff and Ethel O. Wynhoff, his wife, executed a lease of a forty-three-hundred-acre ranch to Harold E. Ring and Edwin W. Ring. It provided for a term of ten years and one month, terminating April 1, 1954, and for an annual cash rental of seventeen hundred dollars, to be paid on or before December 1st of each year, with the exception of the last year of the lease, when the rent was payable on or before *October 1, 1954.* The lessees were to have the use of certain Indian-owned land (the "Henrietta Hazelhurst Allotment") which was then under lease to the Wynhoffs. The lessees agreed to comply with the department of Indian affairs' regulations pertinent thereto. The Wynhoff-Ring lease further provided that the lessees would sow, in the fall of 1953, one hundred twenty acres to winter wheat, and that they would farm the land in a "good farming manner," and return the premises in good repair at the expiration of the lease.

At various times prior to March 20, 1947, the Wynhoffs had mortgaged the ranch to Albert Gieb. March 20, 1947, they deeded the ranch to Albert Gieb and wife, and on the same date, the Giebs executed a contract of sale back to the Wynhoffs.

June 17, 1950, the Giebs deeded the premises to Bernard

M. White and wife. Thereafter, the Whites gave an option to the Wynhoffs to purchase the property on or before December 1, 1956.

Subsequent to June 17, 1950, the tenants, Edwin and Harold Ring, were notified in writing by the Wynhoffs and the Whites that the Whites were subrogated to the leasehold interest of the Wynhoffs, and that the rent should be paid to the Whites. Thereafter, rent was paid to the Whites.

October 13, 1953, the Whites sent a notice to the Rings which read, in part, as follows:

". . . you agreed to pay the sum of $1700.00 as rent each year payable on the 1st day of December with the exception of the last year in which the rent is payable on or before October 1st of that year. The year 1953 is the last year of your tenancy under said lease which provides for expiration of the term on April 1, 1954; consequently, your rental payment for the year 1953 is due October 1st. You are further notified that your rental payment is in default and that according to the provisions of said lease, if such default is not cured within thirty days of the giving of notice of default, said lease shall terminate and the lessor shall enter into possession of said real estate."

The Rings did not pay the rent claimed to be due in the October 13th notice, nor did they pay the rent on or before October 1, 1954, as required by the lease.

January 6, 1953, Ethel O. Wynhoff and Walter S. Wynhoff were divorced, and William C. Harrison and Richard J. Ennis were appointed as court commissioners to sell and dispose of the forty-three-hundred-acre ranch. By supplemental order dated March 26, 1954, the commissioners were specifically authorized

"To commence and maintain in their own names, as Court Commissioners, any action necessary . . . to collect any rents, . . . and to prosecute or defend any action for damages which may occur in connection with said real property . . ."

August 23, 1954, Walter S. Wynhoff and Ethel O. Copenhaver (Wynhoff) sold the ranch to the Whites, conveying their interest therein by quitclaim deed.

This action was litigated upon issues joined by a third

amended complaint and the answer thereto. It involves six causes of action arising from alleged breach of the lease.

At the close of plaintiffs' testimony, upon defendants' motion, the trial court dismissed the first, second, third, sixth, and items one and two of the fourth causes of action for the stated reason that the third amended complaint related back to the date the action was originally commenced and that, therefore, these causes of action were premature. The fifth cause of action was dismissed for the reason that the oral agreement upon which it was based was within the statute of frauds. The third item of the fourth cause of action, dealing with conversion of personal property, was dismissed upon the ground of failure of proof.

From the judgment of dismissal without prejudice, the plaintiffs have appealed.

In determining the issue of prematurity, analysis of the pleadings is necessary.

The original action was commenced February 17, 1954, by the appellant commissioners only. This complaint contained three separate causes of action, (1) that the annual rent of seventeen hundred dollars for the last year of the lease was then due, owing, and unpaid [although the lease provided otherwise]; (2) that the one hundred twenty acres of winter wheat were not planted "in accordance with good husbandry," to the damage of the appellants; and (3) that the pasture lands were greatly over-pastured and had been permitted to be eroded or killed out, to the appellants' damage.

A first amended complaint was served April 14, 1954. It alleged three *additional* causes of action, (4) that the lease had expired, that respondents had violated the lease in failing to keep the premises in a good state of repair, and that certain personal property had been converted by the respondents; (5) that the one-hundred-sixty-acre Hazelhurst allotment had not been surrendered, as provided by a subsequent oral agreement; and (6) that the respondents continued to occupy and trespass upon the land unlawfully.

A second amended complaint was served June 7, 1954. It alleged the same six causes of action pleaded in the first

amended complaint and, in addition, prayed that the Wynhoff-Ring lease be reformed to designate the last year's rental to be due October 1, 1953, instead of October 1, 1954, for the alleged reason that the latter due date was obviously a typographical error.

A motion to dismiss the second amended complaint was filed by the respondents. The appellants filed a motion for leave to amend and to add additional parties. October 15, 1954, the court denied respondents' motion to dismiss, granted appellants' motion for leave to amend, and directed that Water S. Wynhoff and Ethel O. Copenhaver (Wynhoff) be joined as parties plaintiff. The court's order further directed that the new complaint allege the added parties' interest in the land which was the subject of the lease, and that all parties plaintiff verify the complaint.

A third amended complaint, which conformed with the court's order, was served October 26, 1954. This pleading alleged the same six causes of action but abandoned the plea for reformation and relied upon breach of the lease as drawn.

■    We are committed to the rule that, if an amended complaint (1) adds a new cause of action, or (2) abandons a former theory or cause of action, it does not relate back to the original complaint but, instead, rests the action upon the pleadings as amended. *Seely v. Gilbert*, 16 Wn. (2d) 611, 134 P. (2d) 710 (1943); *Skidmore v. Pacific Creditors*, 18 Wn. (2d) 157, 138 P. (2d) 664 (1943); *Herr v. Herr*, 35 Wn. (2d) 164, 211 P. (2d) 710 (1949); *High v. High*, 41 Wn. (2d) 811, 252 P. (2d) 272 (1953).

An exception, which is not here pertinent, is stated in Rule of Pleading, Practice and Procedure 6(4), 34A Wn. (2d) 72.

In their original, amended, and second amended complaints, the appellant commissioners based the claim of rent upon the allegation that payment was due October 1, 1953. In the third amended complaint, the theory of mistake and reformation was abandoned, and appellants proceeded upon a new theory that the lease, as written, had been breached.

■    Under the above rule, abandonment of a former theory causes the former pleadings to be superseded en-

tirely by the amended pleading. *High v. High, supra.* In addition, the third amended complaint added new parties. Prior to the filing of that pleading, the court had no jurisdiction over them. They were not bound by the earlier pleadings. The action spoke as of the date the third amended complaint became effective. *Skidmore v. Pacific Creditors, supra.*

The trial court erred in dismissing appellants' first, second, third, sixth, and items one and two of the fourth causes of action upon the ground of prematurity.

■ We have held that, if the judgment of the trial court is based upon an erroneous ground, it will be sustained if correct upon any ground within the pleadings and established by the proof. *Ferris v. Blumhardt,* 48 Wn. (2d) 395, 400, 293 P. (2d) 935 (1956), and cases cited.

The respondents urge that the trial court can be sustained upon the ground that, when the Wynhoffs conveyed their interest in the ranch to the Whites, they thereby forfeited all rights under the lease.

This action was, in effect, commenced as of the date the third amended complaint was effective. Prior to that date, the Wynhoffs had conveyed their interest in the property to the Whites by quitclaim deed.

■ A quitclaim deed conveys the grantors' interest in, or title to, the real property and nothing more. See *McCoy v. Lowrie,* 44 Wn. (2d) 483, 486, 268 P. (2d) 1003 (1954). A right of action arising from a contract is a chose in action and personal property. The Wynhoffs' quitclaim deed to the Whites conveyed only their interest in the real estate and did not assign any cause of action for damages or rent which they allegedly had acquired against the respondents prior thereto.

Respondents further urge that the trial court can be sustained upon the ground that the lease was terminated by a notice of forfeiture served upon the respondents October 13, 1953.

■ The notice merely informed the lessees that *a forfeiture would be declared* in thirty days unless the rent was

paid. The lease provided that the lessees would have thirty days' grace in which to correct the default. In the event the rent was not paid, both the lease and the notice contemplated further action or affirmative conduct on the part of the lessors before a forfeiture would be effected. The respondents did not pay the rent allegedly due, and the lessors took no action to accomplish the forfeiture. They thereby waived their notice of October 13, 1953.

We conclude that there is no ground within the pleadings and established by the proof upon which the trial court's dismissal of the appellants' first, second, third, sixth, and items one and two of the fourth causes of action can be sustained.

Appellants' fifth cause of action relates to the respondents' failure to surrender the Hazelhurst allotment. The court refused to allow the appellants to introduce evidence of a subsequent oral agreement that the respondents would surrender the allotment, for the reason that the oral agreement involved the transfer of an interest in land and was within the statute of frauds. Appellants cite *Kelly Springfield Tire Co. v. Faulkner*, 191 Wash. 549, 71 P. (2d) 382 (1937), for the proposition that an *executed* oral contract is not within the statute of frauds.

An executed contract is one " . . . where nothing remains to be done by either party . . . " Black's Law Dictionary (4th ed.), p. 395. The respondents' promise to surrender the Hazelhurst allotment had not been performed. Hence, the agreement was executory. We find no merit in appellants' contention.

The court dismissed the third item of the fourth cause of action, pertaining to the allegations that the respondents had wrongfully removed and converted certain personal property, upon the ground of failure of proof. The appellants did not argue, in their appeal briefs, the dismissal based upon failure of proof. The assignments of error, as they relate to this ground, are deemed abandoned. *Shook v. Bristow*, 41 Wn. (2d) 623, 632, 250 P. (2d) 946 (1952), and case cited; *Winslow v. Mell*, 48 Wn. (2d) 581, 583, 295 P. (2d) 319 (1956), and cases cited.

The judgment of the trial court is affirmed as to the fifth cause of action and as to item three of the fourth cause of action.

The judgment is reversed, and the cause remanded with instructions to grant a new trial upon the first, second, third, and sixth causes of action, and upon items one and two of the fourth cause of action.

Appellants will recover costs.

DONWORTH, C. J., HILL, and FINLEY, JJ., concur.

SCHWELLENBACH, J. (dissenting)—The original complaint was based upon the notice of October 13, 1953. The third amended complaint, which included the original pleading, three additional causes of action, and which brought in new parties, did not supersede the original pleading. It continued to be a part of the record. I would affirm.

---

September 28, 1956. Petition for rehearing denied.