William C. FLEMING, Plaintiff,

v.

JOHN DEERE PLOW COMPANY OF. SYRACUSE, Inc., a New York corporation, Defendant.

Civ. A. No. 16204.

United States District Court
W. D. Pennsylvania.

Feb. 5, 1958.

Robert E. Walsh, of Suto, Power, Goldstein & Walsh, Pittsburgh, Pa., for plaintiff.

J. Vincent Burke, Jr., of Campbell, Houck & Thomas, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is an action for damages arising out of the explosion of a gasoline tank on a farm tractor.

Claim for relief is premised on negligence and breach of implied warranty of fitness for purpose intended.

Plaintiff alleges that difficulty was experienced in the use of the farm tractor and it stopped. Plaintiff removed the cap of the gasoline tank of said tractor to determine if he was out of fuel. As he attempted to remove the cap of the gasoline tank, the tank exploded, which engulfed the plaintiff with flaming gasoline, causing the injuries and damages complained of.·

Two matters are presently before the court:

1. Motion of John Deere Plow Company of Syracuse, Inc., a New York corporation, defendant, to dismiss the complaint.

2. Motion of plaintiff Ward C. Fleming, for leave to amend his complaint by modifying the basis of the liability of the corporation defendant from that of a manufacturer and supplier of the chattel to that of distributor and supplier.

Succinctly stated, the motions pose the following legal issue:

When plaintiff brings a cause of action against a defendant named as manufacturer and supplier of a chattel which is not marketable in a sealed package, but which is inherently dangerous, whether after statute of limitations has run, plaintiff may amend his complaint to proceed against the defendant as the distributor and supplier rather than the manufacturer and supplier.

The answer is yes.

In reaching this conclusion consideration and discussion is required of the two matters before the Court.

### Motion to Dismiss

In disposing of a motion of defendant to dismiss, the court must assume the truth of all allegations in the complaint. There is no basis for dismissing the original complaint since to refuse to give credence to all allegations in the complaint on defendant's motion to dismiss would be opposed to the spirit of the Rules. Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580; Sherwin v. Oil City Nat. Bank, 3 Cir., 229 F.2d 835; Kroese v. General Castings Corp., 3 Cir., 179 F.2d 760, 15 A.L.R.2d 1117.

### Motion of the Plaintiff for Leave to Amend its Complaint by Modifying the Basis of the Liability of the Corporate Defendant from That of Manufacturer and Supplier of the Chattel to That of Distributor and Supplier of Said Chattel.

The disposition of said Motion must be found in the Federal Rules of Civil Procedure and the substantive law of Pennsylvania.

Rule 8(a) provides, inter alia, that the complaint shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends; (2) a short and plain statement of the claim showing the pleader is entitled to relief, and (3) a demand for judgment for relief to which the pleader deems himself entitled.

Rule 15(c) provides, inter alia, as to the amendment of pleadings that whenever the claim asserted in the amended pleading arose out of the conduct, transaction, or events set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

The substantive law of Pennsylvania supports the view that where a person is injured through the use of a chattel which is inherently dangerous if not properly manufactured, and not sold in a sealed package, such person is not limited in his right to recover for injuries sustained to the manufacturer but may point his cause of action against either the manufacturer, distributor or retailer, and liability is several. Ebbert v. Philadelphia Electric Co., 330 Pa. 257, 198 A. 323.

I believe that a farm tractor is a chattel which is inherently dangerous since it is a machine which carries with it harmful potentialities when negligently or defectively constructed. It must be exposed, demonstrated and inspected in order for the manufacturer to satisfy the distributor that it is a saleable product and for the distributor to satisfy the retailer as to why said chattel is an acceptable marketable product.

It is apparent that on the basis of notice pleading as provided by the Federal Rules of Civil Procedure and under the substantive law of Pennsylvania, the cause of action as it now exists is the same for all practical intents and purposes as it was in the beginning. It is a suit to recover damages for injuries sustained by the plaintiff, caused by the alleged negligence of the named defendant and its failure to meet the require-

ments of law on the doctrine of implied warranty of fitness. The only change is the capacity in which the defendant is being sued, that is to say, as distributor and supplier rather than manufacturer and supplier.

There is no reason to apply a statute of limitations when, as here, the defendant has had notice from the beginning that plaintiff was trying to enforce a claim against it because of the events leading up to plaintiff's injuries in the use of the chattel farm tractor which had been placed on the market by the defendant. The effect of the amendment was to facilitate a fair trial of the existing issues between plaintiff and defendant. Tiller v. Atlantic Coast Line R. Co., 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465; Copeland Motor Co. v. General Motors Corp., 5 Cir., 199 F.2d 566; Carroll v. Sterling Hotel Co., D.C.M.D.Pa., 16 F.R. D. 99.

An appropriate order is entered.