[No. 34845. *En Banc.* March 5, 1959.]

WARREN N. WINSLOW, *Respondent,* v. E. J. MELL *et al.,* *Appellants.*[1]

*O'Leary, Meyer & O'Leary,* for appellants.

*Foster & Foster, B. Franklin Heuston,* and *Wright & Wright,* for respondent.

PER CURIAM.—This action for damages resulting from a breach of a logging contract was previously reviewed by this court. See *Winslow v. Mell,* 48 Wn. (2d) 581, 295 P. (2d) 319 (1956). This court limited the retrial solely to a determination of the amount of Winslow's damage resulting from his loss of profit occasioned by the breach. The jury determined the amount of Winslow's damage to be $14,940. Mell has appealed from the judgment based upon the verdict.

■ Appellant Mell's sole contention on this appeal is that, upon the retrial, the court erred in refusing to permit him to prove certain offsets.

In the original trial (in which present counsel for appellant did not participate), the offsets here claimed (and others) were considered by the court and the jury. On the first appeal of this cause, these offsets were likewise considered by this court. When sending the cause back for retrial upon the limited issue, this court determined, from the record before it, that appellant Mell had been fully compensated for all offsets claimed at the time Mell breached

[1]Reported in 336 P. (2d) 132.

the contract, because of logs which Winslow had actually delivered and placed in the pond, logs which he had felled and bucked and left on the premises, work crew quarters he had constructed and booming and logging facilities he had built and left installed on Mell's timber property. The retrial was, therefore, limited in its scope as indicated in the decision.

The court did not err in its interpretation of the scope of the retrial and properly denied appellant's offered proof.

Likewise, we find no merit in respondent's cross-appeal. The retrial was to determine not only the number of board feet in the area (not exceeding six million), but also the amount of respondent's loss of profit resulting from Mell's breach of the contract, which denied Winslow the right to log the timber at the agreed price of eighteen dollars a thousand.

The judgment is affirmed. Since respondent does not prevail on his cross-appeal, neither party will recover costs.

FOSTER, J., did not participate.