[No. 10494-0-III.    Division Three.    July 30, 1991.]

JANET BOYLES, *Respondent,* v. THE CITY OF KENNEWICK, ET AL, *Petitioners.*

*William L. Cameron, City Attorney,* for petitioner Kennewick.

*Sonja L. Peterson,* for petitioner Rodgers.

*Michael R. Pickett,* for respondent.

SHIELDS, J. — Janet Boyles named the City of Kennewick and Kennewick Police Officer Dave Rodgers as defendants in a complaint for personal injuries allegedly sustained when she was arrested. The City moved to dismiss the complaint on the basis the action was barred by the statute of limitation; the officer moved for dismissal on the same basis and also on the basis he was not properly served. The motions were denied. The City and the officer sought discretionary review. We reverse.

On December 29, 1985, Ms. Boyles was arrested by Officer Rodgers, taken into custody, and transported to

jail. She claims she was injured in the course of arrest and detention. On December 29, 1988, Ms. Boyles served the City with a summons and complaint seeking damages for allegedly using excessive force in the arrest. The copies were left by a process server with the city clerk. On January 3, 1989, Ms. Boyles' process server left a copy of the summons and complaint for Officer Rodgers at the Kennewick Police Department with Sergeant Robert Gross. Sergeant Gross later gave the papers to Officer Rodgers.[1]

On January 4, 1989, the summons and complaint were filed with the Benton County Clerk. That same day, a notice of appearance was entered on behalf of both defendants. On June 1, 1989, the defendants moved for dismissal pursuant to CR 12(b); both alleged the suit was time barred, and Officer Rodgers claimed he was not properly served. On July 11, 1989, Ms. Boyles moved to amend the complaint to "add an additional cause of action alleging negligence." The court denied the motions to dismiss by memorandum decision dated October 11, 1989, reserving judgment on the motion to amend. No order allowing amendment was ever filed. The court's order denying the motions to dismiss was entered December 15, 1989. Discretionary review was granted by our commissioner.

The City and the officer contend the action was barred as to both parties because the complaint makes out a claim for assault and battery, which is subject to a 2-year limitation period. RCW 4.16.100(1). We agree.

■ Generally, a police officer making an arrest is justified in using sufficient force to subdue a prisoner, however he becomes a tortfeasor and is liable as such *for assault and battery* if unnecessary violence or excessive force is used in accomplishing the arrest. 6A C.J.S. *Assault & Battery* § 27 (1975).

---

[1] Return of service on Officer Rodgers was filed by D.P. Navejar. On its face, the affidavit states the summons and complaint were personally served by delivering copies into the hands of Dave Rodgers; however, personal delivery is refuted by the affidavits of Sergeant Gross and Officer Rodgers.

■ ■ CR 15(a) and (c) provide a liberal policy for amendment of pleadings. An amendment relates back to the date of the original pleading if the new assertion arose out of the same conduct, transaction or occurrence set forth in the original pleading. *Olson v. Roberts & Schaeffer Co.*, 25 Wn. App. 225, 607 P.2d 319, *review denied*, 93 Wn.2d 1023 (1980).

Whether Ms. Boyles may amend a pleading for damages based on excessive use of force to one based on negligence, so that it relates back, depends upon the factual allegations contained in Ms. Boyles' original complaint.[2] Those factual allegations determine the applicable statute of limitation. *See Eastwood v. Cascade Broadcasting Co.*, 106 Wn.2d 466, 469, 722 P.2d 1295 (1986), which held "[when] a given set of facts gives rise to a defamation cause of action, it cannot be recharacterized as a false light invasion of privacy cause of action for statute of limitations purposes." Similarly, in *Seely v. Gilbert*, 16 Wn.2d 611, 615, 134 P.2d 710 (1943), it was held the limitation period applying to assault and battery cannot be avoided by disguising the real cause of action in a different form. *Heckart v. Yakima*, 42 Wn. App. 38, 708 P.2d 407, *review denied*, 105 Wn.2d 1003 (1985) held that although the elements of a false arrest claim are different than the elements of a false imprisonment claim, their gist is essentially the same; both are controlled by the 2-year statute of limitation for false imprisonment.

Ms. Boyles' complaint alleges, in pertinent part:

> On or about December 29, 1985 Officer Dave Rogers [*sic*], of the Kennewick Police Department, acting in his official position . . . used excessive force in arresting claimant . . .
> The arrest was improper and excessive, including wrenching and wrenching plaintiff's arm behind her back, and handcuffing her in spite of complaints that she was in pain and discomfort. As a result of this excessive and improper action plaintiff has suffered pain and disability . . ..

---

[2]Had Ms. Boyles filed and served an amended complaint containing factual allegations of negligence, or obtained a favorable ruling by the court before the City's motion to dismiss was presented, the suit would have been timely as to it.

As Ms. Boyles points out, there are no Washington cases mandating a claim of assault and battery for all injuries inflicted during or after an arrest. While a claim for negligence against a police officer is possible, it is not raised by the factual allegations of the complaint in this case and, therefore, does not relate back to the original pleadings; additional facts would be necessary to support it.

We reverse;[3] the complaint must be dismissed.

GREEN, C.J., and THOMPSON, J., concur.

Reconsideration denied September 6, 1991.

Review denied at 118 Wn.2d 1006 (1991).

---

[3]Officer Rodgers also contends the court lacked jurisdiction over him because he was not properly served with process. We agree, but do not address the issue because our holding on the statute of limitation issue is dispositive.