MEMORANDUM *
Appellant, Max Anderson, appeals the district court’s order granting summary judgment to Appellees — City of Bainbridge Island, Richard Christopherson, and Guy Roche — in his 42 U.S.C. § 1983 action alleging that Officers Christopher- *539 son and Roche violated his Fourth Amendment rights by using excessive force during his arrest. The district court held that the officers’ actions were reasonable as a matter of law, and that, in the alternative, the officers were entitled to qualified immunity. The district court also granted summary judgment in favor of Appellees on Anderson’s state law tort claim of assault. We affirm.
Sometime after midnight on October 28, 2007, Officers Christopherson and Roche were parked on Bainbridge Island when they observed a vehicle, traveling at a high speed, pass a van in a no-passing zone. The police officers turned on their emergency lights to follow. The vehicle then led them on a high-speed chase at 85 m.p.h., in a 55 m.p.h. zone, until the vehicle’s driver turned the headlights off and pulled into an industrial parking lot. The driver of the vehicle, Anderson, later declared that he had then parked behind a trailer to hide from the officers. The officers called for backup protection, and they drove into the parking lot after the requested two additional units arrived. As the officers drove into the parking lot, they saw someone approaching them on foot with his hands in the air and a driver’s license in his right hand. The officers then drove to within fifteen to thirty feet of Anderson, and placed a police car spotlight on him. The police exited their vehicles, pointed their guns at Anderson’s chest, ordered him to turn around and get on the ground. Their guns were pointed at him for approximately thirty seconds before he was handcuffed and arrested.
In claiming that the officers’ use of force was excessive, Anderson stresses that he was not, in fact, a threat and that the officers knew him as the son of one of their colleagues. He argues on appeal that there, is a material issue of fact as to whether, as he was walking toward the officers, they recognized him and therefore should have known that because he was the son of a police officer he was not a threat.
Anderson asserts in his deposition that the officers recognized him as the son of a coworker. We first observe that this is a conclusory and speculative assertion about the officers’ state of mind. The officers have said they did not recognize him. To raise a genuine issue of material fact, the assertion made by the nonmoving party must be properly supported by admissible evidence. Fed.R.Civ.P. 56(e). “Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment.” Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir.2007).
The dispositive issue in the case with regard to the defendants’ liability is “whether the officers’ actions [were] ‘objectively reasonable’ in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.” Graham v. Connor, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The issue is thus whether in the early morning hour in question, the officers’ conduct was objectively reasonable in considering Anderson to be a possible threat. “The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.” Jackson v. City of Bremerton, 268 F.3d 646, 651 (9th Cir.2001) (internal quotation marks and citation omitted).
Even assuming the officers did recognize Anderson after he exited the vehicle, the issue remains whether the officers’ conduct was objectively reasonable in light of all the circumstances. The officers’ personal recognition would not necessarily matter if there were objective reasons supporting the level of force used. See Ryb *540 urn v. Huff, - U.S. -, -, 132 S.Ct. 987, 991, 181 L.Ed.2d 966 (2012) (warning judges to “be cautious about second-guessing a police officer’s assessment, made on the scene, of the danger presented by a particular situation”).
In this case, the district court found that the officers used the appropriate level of force to secure Anderson given the totality of the circumstances. As the district court said, “Anderson was driving recklessly, [and] attempted] to elude police ... [by driving] without headlights in [a] dark, commercial park.” Anderson created a dangerous situation by attempting to evade police in a late-night, high-speed chase. See Scott v. Harris, 550 U.S. 372, 384, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) (reasoning that the parties’ relative culpability — who created the dangerous situation — is relevant to determining objective reasonableness). Accepting Anderson’s version of events, the officers trained their guns on him for only thirty seconds, just long enough to determine that he was unarmed and to arrest him. Anderson relies on cases concerning weapons pointed at non-threatening individuals, exemplified by Tekle v. United States, 511 F.3d 839, 845-46 (9th Cir.2007), where officers held a gun to the head of an eleven-year-old child. Anderson was not innocent, but a driver, whom the officers had observed breaking the law. The district court correctly held that the force used in this case was reasonable under the circumstances.
Because the force used was not excessive, we also affirm the district court’s dismissal of Anderson’s state law assault and battery claim. See Boyles v. City of Kennewick, 62 Wash.App. 174, 813 P.2d 178, 179 (Wash.Ct.App.1991), review denied, 118 Wash.2d 1006, 822 P.2d 288 (Wash.1991).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.