**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER KOCAR, a single person,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CITY OF VADER, a municipality and CITY OF TOLEDO, a municipality,<br><br>Defendants - Appellees. | No. 12-35687<br><br>D.C. No. 3:09-cv-05697-RBL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted July 11, 2013[**]
Seattle, Washington

Before: M. SMITH and N.R. SMITH, Circuit Judges, and WALTER, Senior
District Judge.[***]

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

      [***]    The Honorable Donald E. Walter, Senior District Judge for the U.S.
District Court for the Western District of Louisiana, sitting by designation.

The district court did not abuse its discretion when it found that the declarations and affidavits Kocar proffered were inadmissible. The alleged witnesses to the September 8, 2007 tasing incident did not swear to the eight statements submitted by Kocar as is required by 28 U.S.C. § 1746. When Kocar's counsel re-filed the statements, counsel's secretary had sworn to the statements' accuracy, but the witnesses still had not sworn that the transcripts of their interviews were accurate. Because the statements failed to meet the requirements of 28 U.S.C. § 1746, the district court did not abuse its discretion when it ruled the statements inadmissible.

Further, the district court did not err when it granted summary judgment in favor of the cities of Vader and Toledo. Kocar brings state law claims for assault and battery and negligence, as well as a *Monell* claim under 42 U.S.C. § 1983.

Kocar's assault and battery claim fails. Kocar offered no evidence that Officer Stennick caused his head injury. Instead, as defendants argue, Kocar had just been involved in a bar fight moments before Officer Stennick arrived on the scene, and Kocar could have received his injury from that incident. Further, Officer Stennick's use of force was reasonable. Given Kocar's failure to comply with Officer Stennick's repeated commands, and Kocar's aggressive and menacing

2

actions, we conclude that Officer Stennick's use of his Taser was not excessive. *See Boyles v. City of Kennewick*, 813 P.2d 178, 179 (Wash. Ct. App. 1991).

With respect to negligence, Kocar's claim fails because he has offered no evidence that Officer Stennick breached any duty owed to him during the incident. *See Babcock v. Mason Cnty. Fire Dist. No. 6*, 30 P.3d 1261, 1268 (Wash. 2001).

Finally, Kocar's *Monell* claim fails because Kocar has not shown that any alleged constitutional violation was "caused by a policy, practice, or custom of the entity, or . . . the result of an order by a policy-making officer." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (internal quotation marks omitted).

**AFFIRMED.**